FRANCIS X. REAVEY *us.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1] April 3, 1979. The appellant (employee) sought unemployment benefits following his discharge by his employer. He was denied benefits on the ground that his discharge had been "attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest" (G. L. c. 151A, § 25 [e] [2], as amended through St. 1975, c. 684, § 78) because he drove a forklift truck into a wall during working hours. The employee requested a hearing, and a

[1] Gillette Company, the appellant's former employer.

review examiner, whose decision in effect was affirmed by the board of review (see G. L. c. 151A, § 41 [c]), ruled that the discharge was "due to deliberate misconduct within the meaning of" G. L. c. 151A, § 25 (e) (2). The District Court judge affirmed the decision, finding it supported by substantial evidence. The case is before us on report from the District Court judge. See G. L. c. 151A, § 42.

There was a conflict in the evidence about the employee's belief concerning his right to use the forklift truck. There was no claim that the employee struck the wall deliberately. The review examiner made no finding concerning the employee's state of mind at the time he used the forklift truck. An employee's mental state is an important issue under G. L. c. 151A, § 25 (e) (2). See *Garfield* v. *Director of the Div. of Employment Security, ante* 94, 97 (1979); *Smith* v. *Director of the Div. of Employment Security,* 376 Mass 563, 566 (1978); *Goodridge* v. *Director of the Div. of Employment Security,* 375 Mass. 434, 437 (1978). In the absence of any finding on the basic factual issue of the employee's state of mind, the agency decision cannot stand. G. L. c. 30A, § 11 (8). *Smith* v. *Director of the Div. of Employment Security, supra* at 566. That there may be substantial evidence in the record to support the agency decision is not dispositive. An administrative agency must make findings on each factual issue essential to its decision. G. L. c. 30A, § 11 (8). Because the trier of fact may draw inferences and judge the credibility of witnesses, we cannot say with confidence that there was no substantial evidence that would support a decision favorable to the employer.

The judgment is reversed. Judgment shall be entered in the District Court remanding this matter to the Division of Employment Security for further proceedings consistent with this decision.

*So ordered.*

*Karen L. MacNutt* for the plaintiff.
*George J. Mahanna,* Assistant Attorney General, for the Director of the Division of Employment Security.

