## PAMELA STARKS *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1]

Plymouth. February 7, 1984. — April 11, 1984.

Present: WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Employment Security,* Misconduct by employee, Findings by review examiner, Eligibility for benefits.

Where the evidence adduced at hearings before a review examiner of the Division of Employment Security warranted findings that the claimant, a nursing home employee, had been thoroughly trained in her duties and had been repeatedly warned of her failure to follow job-related instructions, the examiner properly concluded that the employee's conduct in leaving a patient unrestrained and in using a patient's private property constituted deliberate misconduct in wilful disregard of her employer's interest. [641-644]

CIVIL ACTION commenced in the Brockton Division of the District Court Department on April 4, 1983.

The case was heard by *Black, J.*

*James L. Frederick* for the employee.

*Regina Williams Tate* for the employer.

ABRAMS, J. This appeal challenges the decision of the board of review (board) of the Division of Employment Security (division),[2] denying unemployment benefits to the plaintiff. The decision was affirmed by a judge of the Brockton District Court. Pursuant to G. L. c. 151A, § 42, this case came here for direct review with a report from that court. We affirm.

We summarize the facts found by the review examiner. The plaintiff worked as a nurse's aide for St. Joseph Manor Nursing

---

[1] The St. Joseph Manor Nursing Home.

[2] The board denied the plaintiff's application for review. Thus, we treat the review examiner's findings as the findings of the board. G. L. c. 151A, § 41 (*c*).

Home (employer) from December, 1980, to November 4, 1982. She was thoroughly trained in all aspects of her work. Despite this, she frequently failed to follow job-related instructions, a number of which related to patient care. On October 15, 1982, the plaintiff was issued a written warning that further incidents would result in her termination.[3] She was placed on thirty days' probation. During the probationary period, the plaintiff left a patient unrestrained on a commode and personally used medicated cream belonging to another patient, both violations of the employer's policies. The plaintiff was discharged. The review examiner found that "[s]ince the claimant was fully trained in all aspects of her work and was capable of doing her work in the manner required by the employer, [and] since she had been adequately warned that her job was in jeopardy, her discharge is attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest" within the meaning of G. L. c. 151A, § 25 (*e*) (2).

The plaintiff contends that the board's finding that she was "fully trained in all aspects of her work" and "was capable of doing her work in the manner required" is not based on substantial evidence. The plaintiff's allegations go to the issue whether she had the requisite state of mind so that her actions could be found to be deliberate misconduct in wilful disregard of the employer's interest. See *Torres* v. *Director of the Div. of Employment Sec.,* 387 Mass. 776, 779 (1982); *Reavey* v. *Director of the Div. of Employment Sec.,* 377 Mass. 913, 914 (1979); G. L. c. 151A, § 25 (*e*) (2). The plaintiff argues that we should remand because the review examiner failed to make subsidiary findings with respect to state of mind.[4] Although

---

[3] The warning was issued as a result of violations of the employer's policies relating to the well-being and rights of patients.

[4] The employer, citing *Sharon* v. *Director of the Div. of Employment Sec.,* 390 Mass. 376 (1983), and *Johnson* v. *Director of the Div. of Employment Sec.,* 377 Mass. 229 (1979), argues that the review examiner did not need to make express findings as to the plaintiff's state of mind because the plaintiff's acts were sufficiently egregious so that state of mind was readily apparent from the facts. Because we hold that the review examiner did make adequate findings with respect to the plaintiff's state of mind, we need not address this argument. We reiterate, however, that findings as to

the question is close, we conclude that the review examiner's findings are sufficient on this issue.

We agree "that the 'critical factual issue' in considering whether an employee's alleged misconduct is in wilful disregard of [her] employer's interest is the employee's state of mind at the time of the misconduct." *Jean* v. *Director of the Div. of Employment Sec.*, *ante* 206, 209 (1984), citing *Torres, supra* at 779. "In evaluating its subsidiary findings, the board must therefore take into account the worker's knowledge of the employer's expectation, the reasonableness of that expectation and the presence of any mitigating factors." *Garfield* v. *Director of the Div. of Employment Sec.*, 377 Mass. 94, 97 (1979). Further, "[i]n the absence of any finding on the basic factual issue of the employee's state of mind, the agency decision cannot stand." *Reavey* v. *Director of the Div. of Employment Sec.*, *supra* at 914. See *Torres* v. *Director of the Div. of Employment Sec.*, *supra* at 779. Accepting these principles, we believe the record is adequate to support the board's decision to deny benefits.

There is substantial evidence that the plaintiff was fully trained with respect to the rights of patients and the need for and use of restraints. She attended a five-hour initial orientation, a forty-hour orientation for her work on Level 2, and a series of forty-six in-service training sessions, including sessions on patients' rights, patient abuse, positioning, transfer and lifting, and "compassion." The record discloses that the plaintiff was warned many times not to leave patients unattend-

---

state of mind must be made on the record by the administrative agency in order to facilitate "the proper exercise of our appellate function in these cases." *Torres* v. *Director of the Div. of Employment Sec.*, *supra* at 779. In *Sharon* v. *Director of the Div. of Employment Sec.*, *supra*, we recognized an exception to this principle because the employee's deliberate refusal to make the required apology was "obviously intentional." *Id.* at 378. However, in cases in which misconduct might have been motivated by incompetence, misunderstanding, or other factors not constituting deliberate misconduct in wilful disregard of the employing unit's interest, the review examiner should make specific findings on the issue of state of mind.

ed without a restraint.[5] Further, there was evidence that prior to the written warning the plaintiff had used the private property of patients without their permission and knew that such use was a violation of the employer's policies.

Relying on the obvious proposition that "[a] person's knowledge . . . like his intent, is a matter of fact, which may not be susceptible of proof by direct evidence, [the review examiner assessed] . . . the facts and circumstances developed at the trial," *Commonwealth* v. *Holiday*, 349 Mass. 126, 128 (1965), to determine the plaintiff's state of mind. In his findings, the review examiner focused on whether the plaintiff was adequately trained and adequately warned to determine if the plaintiff's actions might have been motivated by incompetence, good faith lack of understanding of employer policies or practices, or other causes that would entitle her to benefits. From the evidence adduced at the hearings (there were two), the review examiner eliminated these possibilities and concluded that leaving the patient unrestrained and using the patient's private property[6] were acts of deliberate misconduct in wilful disregard of the employer's interest.

In making her claim that another hearing is required, the plaintiff relies on her oral testimony to undermine the review examiner's conclusions. However, a reading of the findings of the review examiner indicates he did not give any credence to the plaintiff's testimony. The responsibility for determining the credibility and weight of conflicting evidence rests solely with the agency. See *Trustees of Deerfield Academy* v. *Director*

_____

[5] In addition to her supervisor's testimony that the plaintiff "many times left patients without restraints," and that the supervisor was "constantly telling her" not to leave patients unrestrained, the plaintiff's evaluation review dated January 26, 1981, states: "You must never leave a patient without a restraint, side wall up or sitting or standing when they are not stable."

[6] "Since we conclude that the board was warranted in determining that the discharge was attributable *solely* to *wilful* misconduct, we need not consider whether a discharge, based in part on wilful misconduct and in part on legitimate excusable reasons, disqualifies an employee from benefits under G. L. c. 151A, § 25 (*e*) (2). See *Garfield* v. *Director of the Div. of Employment Security, supra* at 96 n.2" (emphasis in original.) *Moore* v. *Director of the Div. of Employment Sec.*, 390 Mass. 1004, 1006 n.3 (1983).

*of the Div. of Employment Sec.*, 382 Mass. 26, 31-32 (1980). We conclude that the review examiner's findings of fact, although unnecessarily sparse,[7] are adequate to support his conclusion that the plaintiff was discharged solely for deliberate misconduct in wilful disregard of the employer's interest.

*Judgment affirmed.*

---

[7] The plaintiff alleges that the District Court judge erred in affirming the decision of the board because at the hearing there was an agreement that the matter should be remanded to the board, and that the only disagreement was whether there should be a de novo hearing or a remand for further findings limited to "state of mind." The issue of the adequacy of the record was an issue of law and the District Court judge could conclude that the record was adequate and that remand was not required. We note that fuller findings with respect to state of mind would have obviated any difficulties on this issue.