ROBERT C. JONES vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Suffolk.    April 6, 1984. — June 4, 1984.

Present: HENNESSEY, C.J., WILKINS, LYNCH, & O'CONNOR, JJ.

*Employment Security,* Eligibility for benefits, Misconduct by employee,
    Findings by review examiner.

A decision by a review examiner in the Division of Employment Security
    failed to demonstrate that an employee's refusal to follow a supervisor's
    instructions that he perform certain tasks was in wilful disregard of his
    employer's interests, where the examiner specifically found that the
    employee deemed other work that he was performing to be of paramount
    importance. [150-151]
Where a subsidiary finding by a review examiner in the Division of Employ-
    ment Security was clearly warranted by the employee's testimony, and
    precluded the examiner's conclusion that the employee's discharge was
    "attributable solely to deliberate misconduct in wilful disregard of the
    employing unit's interest," the case was to be remanded to the division
    for entry of an order awarding unemployment compensation benefits.
    [151]

CIVIL ACTION commenced in the Dorchester Division of the
District Court Department on October 7, 1982.

The case was heard by *Outlaw,* J.

*Robin B. Klinger* (*Herman J. Smith, Jr.,* with her) for the
plaintiff.

O'CONNOR, J. The plaintiff appeals from a judgment of a
District Court affirming a decision of the Division of Employ-
ment Security (division) denying the plaintiff unemployment
compensation benefits. We reverse.

A review examiner of the division concluded that the plain-
tiff's discharge from work was attributable solely to deliberate

---

[1] Teradyne, Inc.

misconduct in wilful disregard of the employer's interest within the meaning of G. L. c. 151A, § 25 (*e*) (2).[2] The board of review of the division (board) denied the plaintiff's application for review. On appeal a judge of the District Court affirmed the board's decision. The plaintiff appeals to this court from the action taken by the District Court.

Because the board denied the plaintiff's application for review, the decision of the review examiner is to be treated as that of the board. G. L. c. 151A, § 41 (*c*), as appearing in St. 1976, c. 473, § 14. We summarize the findings of the review examiner. The review examiner found that the plaintiff worked as a "material handler" for Teradyne, Inc., from March, 1978, until his discharge on April 28, 1982. "On April 27, 1982, the claimant refused a direct order of the group leader to tag certain defective products that needed repair. The claimant refused to follow his superior's request as the claimant, himself, deemed the distribution work he was performing was of paramount importance. When the supervisor learned of the claimant's refusal, he terminated the claimant in view of a previous disciplinary warning issued to the claimant. On October 16, 1981, the claimant was given a written warning of his refusal at that time to follow a direct order of management. Said warning specifically noted that any further incidents of similar nature could warrant his termination."

The review examiner also found "that the claimant was discharged for refusal to carry out an assignment of tagging defective parts; that the claimant as a material handler was required in the past to perform similar tasks although he considered the distribution of repaired parts his primary work function; that there is no evidence . . . to reflect [that] the new tasks assigned to him on April 27, 1982, were unreasonable or not within his

[2] General Laws c. 151A, § 25 (*e*) (2), as amended through St. 1982, c. 489, § 5, states in part that "no benefits shall be paid to an individual under this chapter . . . (*e*) [f]or the period of unemployment next ensuing and until the individual has had at least four weeks of work and in each of said weeks has earned an amount equivalent to or in excess of his weekly benefit amount after he has left his work . . . (2) by discharge shown to the satisfaction of the director [of the division] to be attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest."

capabilities; that the claimant had been insubordinate on a prior occasion and had been warned his job was in jeopardy." On the basis of the recited subsidiary findings, the review examiner concluded that the plaintiff's discharge was attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest within the meaning of G. L. c. 151A, § 25 (*e*) (2).

"When a discharged worker seeks compensation, the issue before the board is not whether the employer was justified in discharging the claimant but whether the Legislature intended that benefits should be denied in the circumstances." *Garfield* v. *Director of the Div. of Employment Sec.,* 377 Mass. 94, 95 (1979). In determining whether a discharged employee is precluded from the benefits of G. L. c. 151A by the application of § 25 (*e*) (2), two inquiries are appropriate. "Both 'deliberate misconduct' and 'wilful disregard' of an employer's interest by the claimant are required to deny benefits under § 25 (*e*) (2)." *Jean* v. *Director of the Div. of Employment Sec.,* 391 Mass. 206, 208 (1984). *Torres* v. *Director of the Div. of Employment Sec.,* 387 Mass. 776, 778-779 (1982). *Goodridge* v. *Director of the Div. of Employment Sec.,* 375 Mass. 434, 436 (1978). Whether the employee's alleged misconduct is deliberate and in wilful disregard of the employer's interest depends on the employee's state of mind at the time of the misconduct. *Jean, supra* at 209.

A review examiner's decision must contain sufficient subsidiary findings to demonstrate that correct legal principles were applied. *Lycurgus* v. *Director of the Div. of Employment Sec.,* 391 Mass. 623, 626-627 (1984). *Smith* v. *Director of the Div. of Employment Sec.,* 376 Mass. 563, 565-566 (1978). The decision here fails to demonstrate that the plaintiff's refusal to comply with the group leader's order to tag defective products was in wilful disregard of the interests of Teradyne, Inc. The fact that the plaintiff had been insubordinate on an occasion six months earlier and had been warned that further incidents "of similar nature could warrant his termination" says little, if anything, about the plaintiff's attitude concerning his employer's interest when he disobeyed his group leader's order on

April 27, 1982, and is not enough to sustain his disqualification from benefits.

Ordinarily in such circumstances we would reverse the decision of the District Court and order that the District Court judge remand the case to the division for further findings. See *Torres* v. *Director of the Div. of Employment Sec., supra* at 782. However, we are presented here with a review examiner's decision which not only fails to recite subsidiary findings in support of the review examiner's conclusion, but which also affirmatively sets forth a subsidiary finding which compels the opposite conclusion. The review examiner found that "[t]he claimant refused to follow his superior's request *as the claimant, himself, deemed the distribution work he was performing was of paramount importance*" (emphasis supplied). That finding was clearly warranted by the plaintiff's testimony that he refused to carry out the group leader's order, which was given about 10 A.M., because he was "doing the weekly distributions" on which there was a time limit of 11 A.M. in order to meet certain shipping schedules. The plaintiff testified that from 11:30 A.M. until the end of the day he did the tagging that he had been ordered to do earlier. Since the review examiner made a subsidiary finding, well warranted by the evidence, which compels the conclusion that the plaintiff's discharge was not attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest, no good purpose would be served by remanding the case to the division for further findings. Instead, the judgment of the District Court is reversed, and judgment shall be entered in the District Court remanding this case to the Division of Employment Security for entry of an order awarding the plaintiff his unemployment compensation benefits in accordance with this opinion.

*So ordered.*