NORMAN O. SHYNGLE *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1] August 8, 1984. *Employment Security,* Eligibility for benefits.

The claimant was discharged from his job for failing to notify his employer of the reason for his absence from work for five days. A review examiner concluded that the claimant was disqualified from receiving benefits because his discharge was due to misconduct in wilful disregard of the employing unit's interest. G. L. c. 151A, § 25 (*e*) (2). The board of review denied the claimant's application for review, thus making the review examiner's decision final. G. L. c. 151A, § 41 (*c*). A judge of the Boston Municipal Court affirmed the decision, and the claimant appealed to this court. G. L. c. 151A, § 42. We reverse.

The claimant worked for his employer from May 8, 1978, to February 5, 1982, the date he was discharged. The claimant's wife notified his employer that on January 28, 1982, the claimant was admitted to Milton Hospital with abdominal pains. The claimant was discharged from the hospital on January 30, 1982. The claimant did not return to work until February 8, 1982.[2]

On February 8, the claimant was informed that his employment had been terminated for failure to notify his employer of his absence. The claim-

---

[1] Jean B. Lonczak.

[1] Polaroid Corporation.

[2] There was conflict in the testimony as to whether the claimant's wife called the employer on February 1, 1982, to notify the employer that the claimant had to remain home for a week due to his medication. The employer claimed it was not so notified, and the review examiner determined that the employer was not notified. We accept the agency's finding of fact. See *Manias* v. *Director of the Div. of Employment Sec.,* 388 Mass. 201, 205 (1983) ("[i]t is the agency's responsibility to weigh the evidence, find the facts, and decide the issues").

ant admitted he had not been in the hospital during the week of February 2, but claimed that he was suffering from the side effects of his medication. The claimant offered in evidence a letter from a physician that he was treated for gastroenteritis from January 28 through January 30, 1982, and that "[d]ue to the ineffectiveness and side effect resulting from the medication, Mr. Shyngle was seen in the office on February 1, 1982 and was advised to stay out of work for one week." There was no objection to the admission of the letter.

The agency found that the claimant "did not produce documented medical evidence that his absence was necessary." That finding is not supported by substantial evidence. While the agency might have concluded that the letter was not credible, it could not simply deny that the letter had been admitted in evidence.

In its decision, the agency stated that "the employer contends that . . . [its] rule of notification of absence was strictly enforced and that the claimant was aware of it." There are no findings of fact on this issue.[3] Such findings are necessary to determine "the worker's knowledge of the employer's expectation." *Garfield* v. *Director of the Div. of Employment Sec.*, 377 Mass. 94, 97 (1979).

The claimant correctly asserts that the agency's failure to make subsidiary findings of fact as to the claimant's state of mind requires reversal. "We have stated specifically that the 'critical factual issue' in considering whether an employee's alleged misconduct is in wilful disregard of his employer's interest is the employee's state of mind at the time of the misconduct." *Jean* v. *Director of the Div. of Employment Sec.*, 391 Mass. 206, 209 (1984). "We repeatedly have stated that a finding of deliberate misconduct alone will not warrant a denial of benefits under § 25 (e) (2)." *Id.* The agency's decision thus fails to make sufficient subsidiary findings as to the claimant's state of mind and on the issue of the employer's enforcement of its rule concerning notification of absence.

We reverse the judgment of the judge of the Boston Municipal Court, and order that a judgment be entered remanding this matter to the Director of the Division of Employment Security. On remand, the agency may determine whether the claimant's absence was deliberate misconduct in wilful disregard of the employer's interest by making findings based on the evidence in the record or on additional evidence. Alternatively, the board may remand this matter to the review examiner for findings and a determination on the evidence in the record or for another evidentiary hearing on the issues raised.

*So ordered.*

*Monica H. Allison* for the employee.

---

[3] The claimant disputes this claim. The agency did note that the claimant previously had been warned for failing to notify his supervisor of other absences.