RONALD JEAN vs. DIRECTOR OF THE DIVISION OF EMPLOYMENT
SECURITY & another.[1]

Hampden. February 7, 1985. — March 11, 1985.

Present: WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Employment Security,* Eligibility for benefits, Findings by review examiner.
*Notice.*

Where the evidence adduced at a hearing before a review examiner of the
Division of Employment Security warranted findings that the claimant
left his employer's premises without authorization, knowing that he was
violating a company policy prohibiting an employee from leaving only
one employee alone in the building, and that, upon his superior's reason-
able inquiry concerning his absence, he refused to explain his actions,
the examiner properly concluded that the claimant's discharge was at-
tributable solely to deliberate misconduct in wilful disregard of his em-
ployer's interest. [226-227]

On appeal from a decision of the board of review in the Division of Employ-
ment Security denying unemployment benefits, the claimant failed to
demonstrate that he was prejudiced by the division's having sent him a
notice of disqualification which set out a reason for disqualification
different from that ultimately given at his hearing before a review
examiner, where the division had also sent him a notice of hearing which
sufficiently informed him of the issues to be determined, and where,
when given a full opportunity at the hearing to present his side of the
controversy, he neither requested a continuance nor objected to the
proceedings. [227-228]

CIVIL ACTION commenced in the Springfield Division of the
District Court Department on January 20, 1984.

The case was heard by *Alfred A. Barbalunga,* J.

*Peter Benjamin* for the employee.

*Willie Ivory Carpenter, Jr.,* Assistant Attorney General, for
Director of the Division of Employment Security.

NOLAN, J. Ronald Jean, the claimant, was discharged from
his employment with Elm Industries, Inc. (Elm), on October 5,

---

[1] Elm Industries, Inc., the employer.

1983. His claim for unemployment compensation benefits was denied. Following an appeal by the claimant, a hearing was held before a review examiner of the Division of Employment Security (division), who found that the claimant's discharge was attributable solely to his deliberate misconduct in wilful disregard of his employer's interest (G. L. c. 151A, § 25 [e] [2]), and he upheld the disqualification. The board of review (board) denied the claimant's request for review, thus, in effect, adopting the review examiner's decision as its own under G. L. c. 151A, § 41 (c). A petition for judicial review was filed and heard in a District Court. The decision of the board was affirmed. The claimant has appealed to this court claiming twofold error: (1) the lack of substantial evidence to support the decision of the board; (2) defective procedure. There is no error.

1. *Substantial evidence.* From the review examiner's findings, and the hearing testimony, we learn that the claimant was employed as a working foreman on the second shift by Elm. On October 5, 1983, he was one of two employees on that shift and he was responsible for locking up the premises at midnight. At approximately 4:30 P.M., Kenneth Martin, the plant engineer and part owner, observed the claimant to be falling asleep at his grinding machine. Martin told him to leave if he could not remain awake but the claimant assured him that he was able to work.

At 9 P.M. that same night, Martin was in a local restaurant and bar, located a few blocks from the plant, when he saw the claimant talking to another employee in the restaurant. When Martin asked him why he was not at the plant working, the claimant challenged Martin's authority to interrogate him and refused to answer him. Martin discharged him on the spot after asking him for the keys to the plant. The claimant did not give him the keys and gave him no explanation as to why he could not turn over the keys. The claimant at the hearing maintained that he had gone to the restaurant to find a fellow employee with keys to lock up the premises because he had forgotten his own keys.

On the following morning, the claimant appealed his discharge to George Martin, Kenneth Martin's brother, and the president of Elm. The president sustained his brother's action because of the company policy prohibiting an employee from leaving only one employee alone in the building.

The review examiner found that the claimant left the premises, knowing that he was violating company policy. The review examiner also found that Kenneth Martin reasonably inquired of the claimant concerning his absence from the company and that the employee refused to provide a reasonable explanation for his actions. See *Sharon* v. *Director of the Div. of Employment Sec.*, 390 Mass. 376, 378 (1983). The review examiner properly relied on these reasons in ruling that the discharge was attributable solely to deliberate misconduct in wilful disregard of his employer's interest. G. L. c. 151A, § 25 (*e*) (2). See *Garfield* v. *Director of Div. of Employment Sec.*, 377 Mass. 94, 97 (1979). An examination of the transcript of testimony at the hearing reveals that there clearly was substantial evidence to support this decision.

2. *Defective procedure.* After the claimant filed his claim for benefits, an employee of the division, the local adjudicator, called Elm and took a statement from an unidentified employee as to the circumstances of the claimant's discharge. From this statement, a notice of disqualification was prepared and sent to the claimant. The notice charged the claimant with being intoxicated at work and using foul language in an altercation with Kenneth Martin. The claimant responded by denying any intoxication but admitted that there was an incident between Kenneth Martin and himself at the restaurant. The division sent the claimant a notice of hearing which specified that the issue was whether "the claimant's discharge from work was attributable solely to deliberate misconduct in wilful disregard of the employing unit's interests."

At the hearing, both Kenneth Martin and George Martin disclaimed intoxication as a reason for the claimant's discharge. They said that he was discharged for leaving the plant without authority and without "punching out," and for insubordination in refusing to tell Kenneth Martin why he was at the restaurant.

The claimant argues that he was unprepared to meet these charges because he thought that he was discharged for being intoxicated. The notice of hearing did not specify intoxication. At the hearing he was given full opportunity to present his side of the controversy. He did not request a continuance of the hearing. He expressed no objection or surprise in the course of the proceedings. He fails to demonstrate how he was prejudiced. That he was appearing pro se does not excuse him from compliance with the rules of procedure. *International Fidelity Ins. Co.* v. *Wilson,* 387 Mass. 841, 847 (1983). There was no error.

In the light of our disposition of the appeal we need not reach the claimant's argument in favor of an award of attorney's fees under 42 U.S.C. § 1988 (1982).

*Judgment affirmed.*