MARTHA J. BABIZE *vs.* DIRECTOR OF THE DIVISION
OF EMPLOYMENT SECURITY & another.[1]

Hampshire.   January 10, 1985. — May 13, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Employment Security*, Misconduct by employee, Eligibility for benefits.

A review examiner of the Division of Employment Security was warranted
in finding that a project supervisor employed by a federally-funded State
education program who certified false payroll records at the suggestion
of her supervisor in order to circumvent the effect of impending budget
cuts had engaged in deliberate misconduct in wilful disregard of her
employer's interest and thus was disqualified by G. L. c. 151A, § 25
(*e*) (2), from receiving unemployment benefits. [807-808]

CIVIL ACTION commenced in the Northampton Division of
the District Court Department on July 26, 1983.

The case was heard by *Richard F. Connon*, J.

*James W. Nagle* for the employer.

*Jim Hammerschmith* for the employee.

LIACOS, J. On November 24, 1982, Martha J. Babize was
discharged from her position as a project supervisor with the
Massachusetts Migrant Education Program (MMEP). Babize
filed an application for unemployment benefits with the Divi-
sion of Employment Security (division). Her application was
denied pursuant to G. L. c. 151A, § 25 (*e*) (2).[2] She appealed
from this denial. A hearing was held before a review examiner
on March 3, 1983. The review examiner concluded that she
properly had been disqualified from receiving unemployment
compensation benefits under G. L. c. 151A, § 25 (*e*) (2). Babize

---

[1] Massachusetts Migrant Education Program.

[2] General Laws c. 151A, § 25 (*e*) (2), is quoted in *Jorgensen* v. *Director
of the Div. of Employment Sec., ante* 800 n.2 (1985).

appealed to the board of review (board), which denied her application for review, thereby making the decision of the director the final decision of the board. See. G. L. c. 151A, § 41 (c). Babize then sought judicial review in the Northampton District Court in accordance with G. L. c. 151A, § 42. The District Court judge set aside the decision of the director, holding, without specific findings, that the director's decision was not supported by substantial evidence. The MMEP appeals the judgment of the District Court judge to this court.[3] See G. L. c. 151A, § 42.

This action arises from the same occurrence which precipitated the case of *Jorgensen* v. *Director of the Div. of Employment Sec., ante* 800 (1985). See *Jorgensen, supra* at 801-803, for a recitation of the basic facts of the present case. The review examiner in the present case[4] made substantially the same findings and conclusion of law regarding Babize as he made regarding Jorgensen in *Jorgensen, supra.* We conclude, as we did in *Jorgensen,* and for the same reasons, that the review examiner's findings and conclusion were supported by substantial evidence in the record.

Babize worked as a project supervisor for two years and reported directly to Jorgensen, the project coordinator. As a project supervisor, Babize was, as the review examiner found, a member of "middle management." Her responsibilities at the time in issue included the task of certifying payroll records. She certified employee time sheets and payroll records which were false. Although she testified that she did not know of a prohibition against falsification of payroll records, the review examiner was not required to believe her on that point. See *Starks* v. *Director of the Div. of Employment Sec.,* 391 Mass. 640, 643 (1984). She admitted her participation in the falsification scheme, and when asked whether she was in full agreement with Jorgensen in the carrying out of their plan she responded, "It seemed to be the most logical thing to do."

---

[3] The director of the division has not participated in the appeal.

[4] The review examiner in the present case was also the review examiner in *Jorgensen, supra.*

Although she submitted evidence of falsification of payroll records on other occasions, this evidence was irrelevant to the issue of her wrongdoing in this instance. Prior instances of falsification do not exonerate this act of falsification. Likewise, her argument that she simply was following Jorgensen's instructions, even if supported by the record, would not undermine the review examiner's conclusion that she had engaged in an act of deliberate misconduct in wilful disregard of the employing unit's interest. Like Jorgensen, she was an experienced employee in a responsible position. The review examiner could infer that she knew the danger to the employing unit's interests of her deliberate misconduct. See *Jorgensen, supra* at 804-805.

The judgment of the District Court is reversed. Judgment is to be entered in favor of the Director of the Division of Employment Security.

*So ordered.*