GEORGE J. COULOURAS *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Middlesex. April 4, 1985. — May 13, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Employment Security*, Misconduct by employee, Findings by review
   examiner.

Where a review examiner of the Division of Employment Security had
   found that a food service supervisor employed in a nursing home had
   been discharged solely for deliberate misconduct in wilful disregard of
   the employer's interest as a result of certain deficiencies and unsanitary
   conditions in his department, but made no finding respecting the em-
   ployee's contention that the discharge was motivated by the employer's
   receipt of a letter requesting payment for accumulated overtime, the
   case was remanded to the division for findings on this issue, as well as
   for more explicit findings on the employee's state of mind, or other
   appropriate proceedings. [819-821]

CIVIL ACTION commenced in the Lowell Division of the
District Court Department on November 18, 1983.

The case was heard by *Arthur Williams*, J.

*June M. Gonsalves* for the employee.

*Duane R. Batista* for the employer.

ABRAMS, J. This appeal challenges the decision of the board
of review (board) of the Division of Employment Security
(division),[2] denying unemployment benefits to the claimant,
George J. Coulouras. The decision was affirmed by a judge
of the Lowell Division of the District Court. The claimant
appeals. We reverse because the findings are insufficient to

---

[1] Northwood Convalescent Center.

[2] The board denied the claimant's application for review. Thus, we treat
the review examiner's findings as the findings of the board. G. L. c. 151A,
§ 41 (*c*).

establish that the sole reason for the claimant's discharge was deliberate misconduct in wilful disregard of his employer's interest. See G. L. c. 151A, § 25 (e) (2).[3]

We summarize the facts. The Northwood Convalescent Center (Northwood), a nursing home for elderly and infirm patients, employed the claimant as a food service supervisor from 1979 until 1983. The claimant was discharged from his employment on July 8, 1983, and applied for benefits with the Division of Employment Security on July 22, 1983. After benefits were denied to him by a claims adjudicator on August 2, 1983, the claimant filed a timely appeal and a hearing was held before a review examiner on September 14, 1983.

At the hearing the claimant suggested that the discharge was motivated by his employer's receipt of his letter of June 30, 1983, requesting payment for accumulated overtime and threatening to take the matter to the Labor Relations Commission if there were no satisfactory resolution.[4] The review examiner made no findings on this issue, but did find that Northwood discharged him from his position when its president "found several unsanitary conditions in the kitchen" for which the claimant, as supervisor, was responsible. The review examiner found that, contrary to the claimant's assertions, the claimant had been warned previously about unsatisfactory conditions. The review examiner further found that there were eleven unmarked spoiled cans of food in the stockroom, that items in the stockroom were misdated, and that the dating of stock was the responsibility of the claimant. He specifically found that neither the claimant's reason for not discarding these items nor his explanation regarding the diet being served to a

___

[3] General Laws c. 151A, § 25 (e) (2), as appearing in St. 1975, c. 684, § 78, provides that no benefits shall be paid after an employee has left his work "by discharge shown to the satisfaction of the director to be attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest."

[4] The body of the letter provided: "Some time ago I spoke with Robert Nectow regarding 380 hours of over time I have accumulated since TREC became the management company for this facility, September 1, 1982. Mr. Nectow has not given me an answer regarding this matter. I would appreciate payment for the 380 hours of over time that I worked. If there is no response to this letter in a reasonable amount of time I will be forced to pursue this matter with the Massachusetts Labor board."

vegetarian patient was credible. Furthermore, the claimant was responsible for compliance with Department of Public Health rules and regulations regarding dietary service.

The examiner found that the claimant was aware of the responsibilities of his position as a food service supervisor and that Northwood discharged the claimant because of "continued deficiencies and conditions [that] existed in the dietary department." Because as food service supervisor the claimant's duties included correcting those deficiencies, which had been pointed out to him by public health inspectors and by other staff members at Northwood, the review examiner found the claimant's discharge to be "due solely to deliberate misconduct in wilful disregard of the employer's interest within the meaning of [G. L. c. 151A, § 25 (*e*) (2)]."

We first turn to the claimant's assertion that the review examiner erred by failing to address or make findings on whether the discharge was motivated in part by his letter to his employer requesting payment for accumulated overtime. The claimant contends that even if the review examiner's findings as to the cited deficiencies were sufficient to meet the statutory criteria for misconduct, if his discharge was due in any measure to his letter requesting compensation for overtime, then his discharge is not attributable solely to wilful misconduct. We agree. "Such evidence [is] directly relevant to the statutory requirement that benefits be denied when a discharge is 'shown . . . to be attributable *solely* to deliberate misconduct in wilful disregard of the employing unit's interest' " (emphasis added). *Torres* v. *Director of the Div. of Employment Sec.,* 387 Mass. 776, 781 (1982).

"We cannot determine on this record whether the evidence [that the claimant's discharge was in part attributable to his letter to his employer requesting overtime payment] was or was not believed by the review examiner, but in any event the issue should have been considered and decided. Since the review examiner made no finding on this issue, we do not know whether he rejected the evidence or merely disregarded it." *Graves* v. *Director of the Div. of Employment Sec.,* 384 Mass. 766, 769 (1981). Because both the review examiner and the

board failed to make findings on a factual issue essential to the decision, *Jean* v. *Director of the Div. of Employment Sec.*, 391 Mass. 206, 209 (1984); *Torres* v. *Director of the Div. of Employment Sec., supra*, we remand this matter. "An administrative agency must make findings on each factual issue essential to its decision." *Reavey* v. *Director of the Div. of Employment Sec.*, 377 Mass. 913, 914 (1979). See *Manias* v. *Director of the Div. of Employment Sec.*, 388 Mass. 201 (1983).

Although we remand this case on another ground, we address the claimant's contention that the review examiner failed to make a subsidiary finding on the claimant's state of mind as to deliberate misconduct in wilful disregard of the employer's interest. The parties correctly note "that the 'critical factual issue' in considering whether an employee's alleged misconduct is in wilful disregard of his employer's interest is the employee's state of mind at the time of the misconduct." *Jean* v. *Director of the Div. of Employment Sec., supra* at 209. *Starks* v. *Director of the Div. of Employment Sec.*, 391 Mass. 640, 642 (1984). "To disqualify a claimant for unemployment compensation benefits under G. L. c. 151A, § 25 (*e*) (2), the division must find both that the claimant engaged in 'deliberate misconduct' and that such misconduct was in 'wilful disregard' of the employer's interest." *DiNatale* v. *Director of the Div. of Employment Sec.*, 393 Mass. 655, 657 (1985), and cases cited.

The review examiner's findings are sparse and lack direct statements on the claimant's state of mind. But we think that we could piece out a determination that the findings which were made manifest an awareness of the importance of the claimant's state of mind. Nevertheless, "[i]t is the agency's responsibility to weigh the evidence, find the facts, and decide the issues." *Manias* v. *Director of the Div. of Employment Sec., supra* at 205. Because the matter must be remanded, we suggest that on remand a specific finding on the claimant's state of mind be made.

We reverse the judgment of the Lowell District Court and order that judgment be entered remanding this matter to the Division of Employment Security. On remand the board may

determine whether the claimant's discharge was "attributable *solely* to deliberate misconduct in wilful disregard of the employing unit's interest" and on the claimant's state of mind based on all the evidence in the record or on additional evidence (emphasis added). G. L. c. 151A, § 25 (*e*) (2). Alternatively, the board of review may send this matter back to the review examiner for additional findings and a determination of all the issues on the evidence in the record or for an evidentiary hearing on the issues raised.

*So ordered.*