LEONARDO CANTRES *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Middlesex.  September 13, 1985. — November 13, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Employment Security,* Misconduct by employee, Eligibility for benefits,
Burden of proof.

No substantial evidence before a review examiner in the Division of Employ-
ment Security supported the examiner's finding, adopted by the board
of review, that an employee's discharge from employment had been
"attributable solely to deliberate misconduct in wilful disregard of the
employing unit's interest," where the record tended to show only that
the employer had requested "further documentation" of the medical
reasons for the employee's absence from work, and that the employee's
physicians had not complied with the request. [228-229]

Once a claimant has established eligibility for unemployment benefits, the
burden of proof is on the employer with respect to facts bearing upon
the claimant's disqualification under G. L. c. 151A, § 25 (*e*) (2), by
reason of his discharge from work being "attributable solely to deliberate
misconduct in wilful disregard of the employing unit's interest." [229-
233]

CIVIL ACTION commenced in the Lowell Division of the
District Court Department on November 9, 1984.

The case was heard by *C. George Anastos,* J.

*James Breslauer* for the plaintiff.

*Francis X. Bellotti,* Attorney General, *& Wendy Thaxter,*
Assistant Attorney General, for Director of the Division of
Employment Security, submitted a brief.

ABRAMS, J. The plaintiff appeals from a judgment of a Dis-
trict Court judge affirming a decision of the Division of Em-
ployment Security (division) denying the plaintiff unemploy-
ment compensation benefits. A review examiner of the division

---

[1] Raytheon Company, the employer.

concluded that the plaintiff's discharge from work was attributable solely to deliberate misconduct in wilful disregard of the employer's interest within the meaning of G. L. c. 151A, § 25 *(e)* (2) (1984 ed.).[2] The board of review of the division (board) denied the plaintiff's application for review. A judge of the District Court affirmed the board's decision.

Because the board denied the plaintiff's application for review, the decision of the review examiner is treated as that of the board. See G. L. c. 151A, § 41 *(c)*. We summarize the findings of the review examiner. The plaintiff was employed by Raytheon as a wire assembler for six years prior to his discharge on May 4, 1984. On April 3, 1984, the plaintiff notified the employer that he would be absent from work because of headaches. Thereafter, the plaintiff remained absent without further notification to the employer. On April 10, the employer requested a medical certificate from the plaintiff's physician substantiating his illness. On April 18, the employer received a document from the plaintiff's physician. The employer deemed that document insufficient excuse under the terms of its collective bargaining agreement with the plaintiff's union, and requested further verification from the plaintiff on April 27. After receiving no response from the plaintiff, the employer discharged him on May 4. The review examiner found "not persuasive" the plaintiff's contention that he had done all within his power to comply with the employer's requests.

The plaintiff appeals, claiming that the record lacks substantial evidence to support the board's conclusion that the employee deliberately acted in wilful disregard of his employer's interest. Thus, he concludes that on this record it was error to disqualify him under § 25 *(e)* (2). We agree. We reverse the judgment of the District Court and order that a judgment be entered remanding the case to the Division of

---

[2] General Laws c. 151A, § 25 (1984 ed.), provides, in part, that "no benefits shall be paid to an individual under this chapter [when the employee's termination comes about] *(e)* . . . (2) by discharge shown to the satisfaction of the director to be attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest."

Employment Security for further proceedings consistent with this opinion. Last we comment on the burden of persuasion under G. L. c. 151A, § 25 *(e)* (2).

A claimant is disqualified from benefits if the individual left work "by discharge shown to the satisfaction of the director to be attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest." G. L. c. 151A, § 25 *(e)* (2). Not every act of misconduct disqualifies a claimant. "The apparent purpose of § 25 *(e)* (2) then is to deny benefits to a claimant who has brought about his own unemployment through intentional disregard of standards of behavior which his employer has a right to expect. When a worker is ill-equipped for his job or has a good faith lapse in judgment or attention, any resulting conduct contrary to the employer's interest is unintentional; a related discharge is not the worker's intentional fault, and there is no basis under § 25 *(e)* (2) for denying benefits." *Garfield* v. *Director of the Div. of Employment Sec.,* 377 Mass. 94, 97 (1979).

The parties agree that the "critical factual issue in determining whether an employee's discharge resulted from his wilful or intentional misconduct is the employee's state of mind at the time of his misconduct." *Torres* v. *Director of the Div. of Employment Sec.,* 387 Mass. 776, 779 (1982). The parties further agree that the director's decision must be based on substantial evidence. Substantial evidence is " 'such evidence as a reasonable mind might accept as adequate to support a conclusion,' " taking " 'into account whatever in the record detracts from its weight.' " *Lycurgus* v. *Director of the Div. of Employment Sec.,* 391 Mass. 623, 627-628 (1984).

The review examiner's conclusion that the plaintiff acted with deliberate and wilful disregard is not supported by substantial evidence. There is evidence that, as a result of the plaintiff's absence from work, the employer requested the plaintiff to provide medical documentation. The plaintiff's physician wrote a letter. The employer deemed the physician's letter "insufficient" and sent the plaintiff a telegram in which it requested

"further documentation."[3] This telegram is the only evidence that the plaintiff knew of the employer's expectations. There is no evidence of the employer's expectations as to the additional medical documentation it required, of the plaintiff's knowledge and understanding of those expectations, and of the reasonableness of the expectations. The employer's request for "further documentation" without elaboration is not substantial evidence on these issues.[4] See *Jean* v. *Director of the Div. of Employment Sec.*, 391 Mass. 206, 209 (1984); *Garfield, supra* at 97.

The plaintiff told the review examiner that after receiving the telegram he repeatedly asked his physicians to comply with his employer's request. The plaintiff concedes that he may have erred in relying on his physicians to mail the documents to the employer rather than hand-carrying the documents to his employer.[5] But that error in judgment does not rise to the level of intentional fault or wilfulness which disqualifies an otherwise eligible claimant under § 25 *(e)* (2). See *Garfield, supra* at 96-97.

Because it is clear from recent litigation[6] that there is a need for further analysis of § 25 *(e)* (2), we comment on the burden

---

[3] At the hearing, the plaintiff produced documentation that the review examiner found would have met the employer's request. The plaintiff also said that he asked his physicians on multiple occasions to send more medical information. The physicians failed to do so in a timely manner.

[4] There is some suggestion that the union contract under which the plaintiff was employed may govern the employer's requirement for medical documentation. That section of the contract is not in the record before us.

[5] Because we must remand this matter, we do not decide whether the failure of a third person to respond to a request for information may be attributable to the employee.

[6] Since 1984, there have been at least sixteen cases on this section. See, e.g., *White* v. *Director of the Div. of Employment Sec.*, 395 Mass. 635 (1985); *Menefee* v. *Director of the Div. of Employment Sec.*, 395 Mass. 1004 (1985); *Coulouras* v. *Director of the Div. of Employment Sec.*, 394 Mass. 817 (1985); *Babize* v. *Director of the Div. of Employment Sec.*, 394 Mass. 806 (1985); *Jorgensen* v. *Director of the Div. of Employment Sec.*, 394 Mass. 800 (1985); *Hoye* v. *Director of the Div. of Employment Sec.*, 394 Mass. 411 (1985); *Jean* v. *Director of the Div. of Employment Sec.*, 394 Mass. 225 (1985); *DeNatale* v. *Director of the Div. of Employment Sec.*, 393 Mass. 655 (1985); *Grise* v. *Director of the Div. of Employment Sec.*, 393 Mass. 271 (1984); *Shyngle* v. *Director of the Div. of Employment*

of persuasion under G. L. c. 151A, § 25 *(e)* (2). We begin our analysis by considering the language of § 25 (*e*) (2) to determine its legislative purpose. *Hoffman* v. *Howmedica, Inc.,* 373 Mass. 32, 37 (1977). The section at issue disqualifies individuals whose termination comes about "by discharge shown to the satisfaction of the director to be attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest." G. L. c. 151A, § 25 *(e)* (2). The section itself does not specifically allocate the burden of persuasion. Thus, we look to the entire statute to discern the intention of the Legislature. See *Negron* v. *Gordon,* 373 Mass. 199, 201-202 (1977), citing *Holbrook* v. *Holbrook,* 1 Pick. 248, 250 (1823). In other parts of the statute, the Legislature used explicit language to place the burden of persuasion on the employee. For example, § 25 *(e)* (1) disqualifies claimants who have left work "voluntarily without good cause attributable to the employing unit or its agent." The section states that "[n]o disqualification shall be imposed if *such individual establishes to the satisfaction of the director* that he left his employment in good faith . . ." and "[a]n individual shall not be disqualified . . . if *such individual establishes to the satisfaction of the director* that his reasons for leaving were for such an urgent, compelling and necessitous nature as to make his separation involuntary" (emphasis added). G. L. c. 151A, § 25 *(e),* second par. See *Sohler* v. *Director of the Div. of Employment Sec.,* 377 Mass. 785, 788 n.1 (1979). "[W]here the Legislature has employed specific language in one paragraph, but not in another, the language should not be implied where it is not present." *Beeler* v. *Downey,* 387 Mass. 609, 616 (1982).

---

Sec., 392 Mass. 1009 (1984); *Rioni* v. *Director of the Div. of Employment Sec.,* 392 Mass. 436 (1984); *Hawkins* v. *Director of the Div. of Employment Sec.,* 392 Mass. 305 (1984); *Jones* v. *Director of the Div. of Employment Sec.,* 392 Mass. 148 (1984); *Starks* v. *Director of the Div. of Employment Sec.,* 391 Mass. 640 (1984); *Lycurgus* v. *Director of the Div. of Employment Sec.,* 391 Mass. 623 (1984); *Jean* v. *Director of the Div. of Employment Sec.,* 391 Mass. 206 (1984).

Further, in claims under § 25 *(e)* (1), the claimant is the party most likely to have information about his reasons for leaving work and therefore is required to carry the burden of persuasion. By contrast, under § 25 *(e)* (2), the board must take into account the employer's expectations of the employee, the notice to the employee of these expectations, and the reasonableness of the expectations. See, e.g., *Jean* v. *Director of the Div. of Employment Sec.,* 391 Mass. 206, 209 (1984); *Moore* v. *Director of the Div. of Employment Sec.,* 390 Mass. 1004 (1983); *Torres, supra* at 780; *Garfield, supra* at 97. Because evidence bearing on those factors is found in the employer's possession, the employer ought to bear the burden of producing such evidence and persuading the board of its sufficiency. See P.J. Liacos, Massachusetts Evidence 41 (5th ed. 1981) ("burden of persuasion is on the party who . . . has freer access to the evidence"). Moreover, such evidence disqualifies a claimant who has otherwise established eligibility under § 24. Whether wilful misconduct is considered a statutorily-created exception or an affirmative defense, principles of statutory construction dictate that the employer, as the party raising the exception or defense, must bear the burden of persuasion. *Sarni Original Dry Cleaners, Inc.* v. *Cooke,* 388 Mass. 611, 617 (1983). See generally P.J. Liacos, *supra* at 40-44.[7]

---

[7] Nothing in our interpretation of § 25 *(e)* (2) is inconsistent with G. L. c. 151A, § 25 *(b)* (1) and (2) (1984 ed.), which denies benefits to an individual whose "unemployment is due to a stoppage of work which exists because of a labor dispute" except "if it is shown to the satisfaction of the director that — (1) He is not participating in or financing or directly interested in the labor dispute which caused the stoppage of work; and that (2) He does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in or financing or directly interested in the dispute." Subsections *(b)* (1) and (2) are exceptions to the general rule of § 25 *(b)* that denies benefits to claimants involved in a work stoppage, so "the claimant has the burden of proving that he comes within the exceptions." *Martineau* v. *Director of the Div. of Employment Sec.,* 329 Mass. 44, 51 (1952). Moreover, the claimant is the party likely to have freer access to the evidence required by § 25 *(b)* (1) and (2): whether he is participating or financing or directly interested in the labor dispute and whether he is a member of the grade or class of workers participating or financing or directly interested in the dispute. See *Wheeler* v. *Director of the Div. of Employment Sec.,* 347 Mass. 730, 734-737 (1964).

Our interpretation is consistent with decisions in other juris-
dictions interpreting similar statutory provisions. See, e.g.,
*Magma Copper Co.* v. *Arizona Dep't of Economic Sec.,* 128
Ariz. 346 (Ct. App. 1981); *Arvada* v. *Industrial Comm'n of
Colo.,* 701 P.2d 623 (Colo. App. 1985); *Dalton Brick & Tile
Co.* v. *Huiet,* 102 Ga. App. 221 (1960); *Roll* v. *Middleton,*
105 Idaho 22 (1983); *Potts* v. *Review Bd. of Indiana Employ-
ment Sec. Div.,* 475 N.E.2d 708 (Ind. App. 1985); *Cosper* v.
*Iowa Dep't of Job Serv.,* 321 N.W.2d 6 (Iowa 1982); *Charbon-
net* v. *Gerace,* 457 So. 2d 676 (La. 1984); *Dubois* v. *Louisiana
Dep't of Labor, Office of Employment Sec.,* 427 So. 2d 645
(La. App. 1983); *Wallace W. Carlson Co.* v. *Hasler,* 351
N.W.2d 688 (Minn. App. 1984); *Adelsman* v. *Northwest Air-
lines, Inc.,* 267 Minn. 116, 123 (1963); *Unemployment Comp.
Bd. of Review* v. *Bacon,* 25 Pa. Commw. 583, 586 (1976);
*In re Therrien,* 132 Vt. 535 (1974); *Kansas City Star Co.* v.
*Department of Indus., Labor & Human Relations,* 60 Wis. 2d
591, 602 (1973).

Our holding expressly limits the broad statement in *Smith*
v. *Director of the Div. of Employment Sec.,* 384 Mass. 758,
761 (1981), that the claimant "bears the burden of persuasion
on issues affecting his eligibility for unemployment benefits."
To the extent that cases following *Smith* have expressly or
impliedly placed the burden of persuasion on the claimant on
issues bearing on disqualification for benefits under § 25 *(e),*
(2), they will no longer be followed. See, e.g., *White* v. *Direc-
tor of the Div. of Employment Sec.,* 395 Mass. 635 (1985);
*DiNatale* v. *Director of the Div. of Employment Sec.,* 393
Mass. 655 (1985); *Rioni* v. *Director of the Div. of Employment
Sec.,* 392 Mass. 436 (1984).

In sum, the claimant still must meet the initial burden of
establishing eligibility for benefits. *Conley* v. *Director of the
Div. of Employment Sec.,* 340 Mass. 315, 319 (1960). *Farrar*
v. *Director of the Div. of Employment Sec.,* 324 Mass. 45,
50 (1949). Once the claimant establishes eligibility, the burden
is on the employer to persuade the director that the employee
should be disqualified for wilful misconduct. The director's
decision must be based on substantial evidence, and he must

make subsidiary findings of fact on each issue essential to his decision. *Manias* v. *Director of the Div. of Employment Sec.,* 388 Mass. 201, 205 (1983).

Because there may have been some misunderstanding as to the burden of persuasion, the board on remand may consider evidence on deliberate misconduct in wilful disregard of the employing unit's interest. Alternatively, the board may send this matter back to the review examiner for findings and a determination on that issue. The judgment of the District Court is reversed and a new judgment is to be entered remanding this matter to the Division of Employment Security for further proceedings consistent with this opinion.

*So ordered.*