FRANCIS SHEPHERD *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Suffolk. March 4, 1987. — April 23, 1987.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Employment Security,* Misconduct by employee, Findings, Eligibility for
benefits, Burden of proof.

Where a review examiner in the Division of Employment Security found
    that an applicant for unemployment benefits had engaged in deliberate
    misconduct by reason of his excessive absenteeism and lateness and
    failure to notify his employer of the reason for his absence, but the
    examiner made no specific findings on the issue of the employee's state
    of mind to support a conclusion that the employee had acted in wilful
    disregard of his employer's interest, this court ordered the case remanded
    to the division for further proceedings. [739-740]
In remanding a case for further proceedings before the Division of Employ-
    ment Security, this court expressed the view that, if an applicant for
    unemployment benefits had suffered from the disease of alcoholism at
    the time of his alleged misconduct and if his misconduct and discharge
    were attributable to the disease, his discharge from employment would
    not have been *solely* due "to deliberate misconduct in wilful disregard
    of" his employer's interest, and therefore, he would not be disqualified
    for benefits under G. L. c. 151A, § 25 (*e*) (2). [740]

CIVIL ACTION commenced in the Boston Municipal Court
Department on November 5, 1984.

The case was heard by *John A. Pino, J.*

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*J. Michael Conley* for the employee.

*Wendy Thaxter,* Assistant Attorney General, for Director of
the Division of Employment Security.

---

[1] Harvard Folding Box Company.

NOLAN, J. A Boston Municipal Court judge affirmed the Division of Employment Security's (division) determination that the claimant was disqualified from receiving unemployment benefits. The claimant appeals pursuant to G. L. c. 151A, § 42 (1984 ed. & 1985 Supp.). We transferred the case here on our own motion. We reverse and remand the case for further proceedings.[2]

The claimant was discharged from his employment on April 16, 1984, for excessive absenteeism and lateness and for failure to notify his employer of the reason for his absence. Prior to his discharge, the claimant had been continuously employed by the Harvard Folding Box Company since May, 1982. In addition, the claimant had worked for the same employer from 1972 to 1979, when he left voluntarily; from July, 1980, to February, 1981, when he again left voluntarily; and from March, 1981, to May, 1981, when he was discharged due to excessive absenteeism. When the claimant was rehired in May, 1982, the employer warned him about his previous poor attendance and required him to continue his participation in Alcoholics Anonymous. At the hearing before the review examiner, both the claimant and his employer indicated that the claimant's absences had been related to his problems with alcohol. Although the claimant stated that he was an alcoholic, there was no medical testimony before the review examiner to support this claim.

In November of 1982, about six months after the claimant's re-employment, his attendance again became erratic. In November of 1983, the claimant stopped drinking and reported regularly for work until March, 1984. On April 2 and April 3, 1984, the claimant was absent from work and notified the employer that he was ill. From April 4 through April 10, the claimant was absent from work without notice. On April 11 and April 13, the claimant scheduled meetings with his employer, but he failed to appear for either appointment. The

[2] Because we remand, we do not reach the claimant's argument that his disqualification from benefits unconstitutionally discriminates against him on the basis of a handicap.

employer fired the claimant on April 16, 1984, after he failed to appear at the second appointment. The claimant was hospitalized from May 24 until June 2, and following his release from the hospital he stayed in a halfway house until July 9, 1984.

After the claimant's initial request for unemployment benefits was denied by the division, the claimant filed a timely request for a hearing pursuant to G. L. c. 151A, § 39 (1984 ed.). After the hearing, the review examiner concluded that the claimant was not entitled to benefits because his discharge was solely attributable to the claimant's deliberate misconduct in wilful disregard of the employing unit's interest. G. L. c. 151A, § 25 (*e*) (2)(1984 ed.). The division's board of review denied further review, thereby adopting the review examiner's decision as the final decision of the board. G. L. c. 151A, § 41 (*c*) (1984 ed.).

It is well settled that a finding of deliberate misconduct alone does not warrant the denial of benefits under § 25 (*e*) (2). *Jean* v. *Director of the Div. of Employment Sec.*, 391 Mass. 206, 209 (1984). The review examiner must also make subsidiary findings regarding the employee's wilful disregard of his employer's interest, including findings regarding the employee's state of mind at the time of the misconduct. *Id*. "In the absence of any finding on the basic factual issue of the employee's state of mind, the agency decision cannot stand." *Id.*, quoting *Reavey* v. *Director of the Div. of Employment Sec.*, 377 Mass. 913, 914 (1979). In making findings regarding the employee's state of mind, the review examiner must "take into account the worker's knowledge of the employer's expectation, the reasonableness of that expectation and the presence of any mitigating factors." *Garfield* v. *Director of the Div. of Employment Sec.*, 377 Mass. 94, 97 (1979). This case must be remanded to the division because the review examiner failed to make specific findings on the issue of the employee's state of mind at the time of his alleged misconduct. The finding regarding the employee's state of mind is the "critical factual issue" in determining whether an employee's misconduct is in wilful disregard of the employer's interest. *Jean, supra* at 209.

On remand, the burden of persuasion in establishing wilful misconduct, including state of mind, is on the employer. *Cantres* v. *Director of the Div. of Employment Sec.*, 396 Mass. 226, 231 (1985). It is not clear from the record before us whether the employer has carried its burden because there are no findings regarding the claimant's state of mind at the time of the misconduct. The remand allowing the employer a second opportunity to show the requisite state of mind to deny benefits is appropriate because our decision in *Cantres,* placing the burden on the employer, was decided after the division's final disposition of the plaintiff's claim. On remand, the employer will be expected to carry the burden of establishing its expectations of the employee, the notice to the employee of those expectations, and the reasonableness of those expectations. *Id.*

We comment on the claimant's final contention because it is likely to be raised on remand. The claimant argues that he suffered from the disease of alcoholism and that his misconduct and discharge were attributable to the disease. If the claimant's arguments are accepted, his discharge would not be *solely* due "to deliberate misconduct in wilful disregard of" his employer's interest, and so he would not be disqualified for benefits under § 25 (*e*) (2).

We remand this case to the division so that it may determine what the claimant's state of mind was at the time of his misconduct. The employer has the burden of proving that the employee had control of his alcoholism or that he deliberately and wilfully refused to accept help in controlling it. The employer also bears the burden of persuading the division of its expectations of the employee as well as evidence of the notice and reasonableness of those expectations. *Cantres, supra* at 231. The division must also consider any mitigating factors, *Garfield, supra* at 97.

The judgment of the Boston Municipal Court is reversed and a new judgment is to be entered remanding this case to the Division of Employment Security for further proceedings consistent with this opinion.

*So ordered.*