382 Mass. 596 (1981)
416 N.E.2d 962
WILLIAM F. WHITE
vs.
DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1]
Supreme Judicial Court of Massachusetts, Suffolk.
December 1, 1980.
February 13, 1981.
Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & ABRAMS, JJ.
George J. Mahanna, Assistant Attorney General, for the Director of the Division of Employment Security.
Paul F. Kelly for the plaintiff.
WILKINS, J.
The claimant petitioned for judicial review of a decision of the board of review in the Division of Employment Security (board) that affirmed a decision of a hearing examiner denying the claimant unemployment compensation benefits. A judge of the Municipal Court of the City of Boston reversed the board's decision and directed *597 that the claimant be awarded unemployment compensation benefits. The case is before us on appeal of the director of the Division of Employment Security (division). We direct the remand of the proceedings to the division for further consideration in light of this opinion.
The hearing officer made certain findings. The claimant had worked for approximately forty-five years as an "ad paster," but had only six years seniority with his then employer when he elected to retire on December 30, 1978.[2] His employer offered him $3,000 if he would retire before January 1, 1979. This incentive was available, however, only if the claimant retired before that date. The claimant had heard a rumor that there was an impending layoff if the work force were not reduced by early retirement. Because of his limited seniority, the claimant "felt that he would have been terminated." He chose the employer's early retirement incentive rather than face the possibility of a layoff. The claimant was not forced to retire, and he would have been permitted to work after December 30, 1978, if he had not retired.
From these findings, the review examiner concluded that, although not required to do so by his employer, the claimant retired, electing to take advantage of the retirement incentive. The hearing officer further concluded that the claimant should be denied unemployment benefits because he left work voluntarily and without good cause attributable to the employing unit within the meaning of G.L.c. 151A, § 25 (e) (1).
The basic difficulty with the review examiner's report is that the report fails to deal with the essential question whether, in retiring, the claimant reasonably believed that his employment would soon be terminated if he worked beyond December 31, 1978. If he reasonably believed that he was going to be discharged shortly after January 1, 1979, if he stayed on, his leaving could not fairly be regarded as *598 voluntary within the meaning of § 25 (e) (1). See Carney Hosp. v. Director of the Div. of Employment Security, post 691 (1981), as to the adequacy of a reasonable belief. The board's decision preceded the release of our opinion in O'Reilly v. Director of the Div. of Employment Security, 377 Mass. 840 (1979). In the O'Reilly case, we considered the availability of unemployment benefits to a person who elected to retire under an option that allowed him to retire at the end of the month in which he attained sixty-five rather than under another option allowing retirement at the end of the employer's fiscal year. We concluded that the claimant was entitled to unemployment compensation benefits. The issue there involved an exception to § 25 (e) (1) not applicable here. In our opinion, however, we noted that even if the special exception were not involved, "and `voluntarily' was the criterion, a strong case could be made that an employee leaving under the [employer's] retirement program as did the petitioner was not leaving `voluntarily.' This would need only a realistic approach to that concept." Id. at 845 n. 13. We apply to the case before us the quoted reasoning of the O'Reilly opinion, an opinion which the director's brief inexplicably ignores. Where the choice of retirement date offered an employee is between two dates within several months of each other, the employee's choice to leave on the earlier date cannot fairly be regarded as a choice voluntarily to leave his work within the meaning of § 25 (e) (1).
There was evidence before the hearing officer on the question whether the claimant reasonably believed his discharge was imminent. The hearing officer did not adequately treat this evidence in her decision. The claimant testified that he accepted the early retirement offer because "I could see that I would be laid off." He knew that there would be layoffs based on seniority. He thought he would be the second person laid off, based on seniority, and that close to forty people would have to go. He took the incentive rather than accepting a layoff. If the claimant believed this layoff was imminent and if that belief was reasonable, a *599 finding was required that the claimant did not leave his employment voluntarily.
The judge of the Municipal Court made findings of fact consistent with the evidence summarized above and ruled in the claimant's favor. It is, however, the function of the board and not a judge to make findings of fact in this case. Conlon v. Director of the Div. of Employment Security, ante 19, 24 (1980). Therefore, although we suspect the result ordered by the judge below may well prove to be the correct one, the decision of the judge below must be reversed, and judgment shall be entered remanding the proceedings to the Division of Employment Security for further action consistent with this opinion.
So ordered.
NOTES
[1] Boston Herald American.
[2] The review examiner's report misstates the relevant dates. We refer to dates that the testimony shows were the correct ones.