EDMOND KLOCKSON vs. DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY. March 10, 1982. The claimant appeals from a judgment of the District Court of Southern Essex affirming a decision of the board of review denying him unemployment compensation benefits. The review examiner found that the claimant, who was then aged sixty-six, had retired from his work although he was not compelled to do so. The review examiner ruled that the claimant was not entitled to benefits because he had left his employment "voluntarily, without good cause, attributable to the employing unit." G. L. c. 151A, § 25 (*e*) (1).

The claimant acknowledges that, before this court, he must accept the finding, on disputed facts, that the employer had no company policy requiring him to retire at any age. He argues, however, that the nature of his job changed when he attained the age of sixty-five because he ceased to be a supervisor and ceased to be entitled to annual pay raises. The evidence would not warrant a finding that he left his job for this reason. Only a small portion (perhaps 10%) of the claimant's work was supervisory, and there was unchallenged testimony that the claimant did receive a raise after he attained the age of sixty-five. At all relevant times the claimant's work consisted almost entirely of "washroom type cleaning."

The claimant next argues that he reasonably believed he was going to be required to retire after he had trained his replacement and that this reasonable belief justified his leaving his employment. Although this theory seems consistent with the claimant's representation before the re-

view examiner, it is not clear that the petition for review raises an objection to the agency ruling on this ground. A petition for review should state the grounds on which review is sought. G. L. c. 151A, § 42. See *Conley* v. *Director of the Div. of Employment Security*, 340 Mass. 315, 318 (1960). We shall assume, nevertheless, that the issue is properly before the court. The evidence, in any event, would not warrant a finding that such a belief was reasonable. Although the review examiner made no explicit findings on the question whether, on an objective standard, the claimant reasonably believed he was going to be discharged, no such findings were required on the facts. Cf. *White* v. *Director of the Div. of Employment Security*, 382 Mass. 596, 598-599 (1981). The employer had no mandatory retirement policy; an employee could elect to receive his retirement benefits after the age of sixty-five; there were some people over the age of sixty-five who worked for the company; and the claimant had worked for the company for more than ten years when he attained the age of sixty-five. In these circumstances, the claimant had a substantial burden in attempting to establish that he reasonably believed he had to retire at sixty-five. He makes no claim that his employer discharged him, and he makes no demonstration warranting a finding that he was reasonable in believing that he had to retire.

*Judgment affirmed.*

*Sumner H. Smith* for the plaintiff.
*George J. Mahanna,* Assistant Attorney General, for the defendant.