DIANE BERK vs. DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1]  November 3, 1982.  This appeal challenges the decision of the board of review (board) of the Division of Employment Security denying unemployment benefits to the plaintiff.  The decision was affirmed by a District Court judge, and, pursuant to G. L. c. 151A, § 42, came here for direct review with a report from that court.  We affirm.

We summarize the board's findings of fact.[2]  The plaintiff was hired as a master teacher at the University Day School, a facility operated by the Early Childhood Education Department of the University of Massachusetts.  The facility provides educational services for approximately twenty children, four and five years of age, during the summer months and about twice that number during the academic year.  The school's administrative staff consists of a part-time director and a part-time secretary.

The plaintiff complained to the director that administrative matters were not being handled; that equipment and supply requests were not processed in a timely fashion; that the facility was dusty, dirty and drafty, and that the janitorial service cleaned the school inadequately.  As a result of these deficiencies, the plaintiff took on duties such as shopping, telephone answering, and budget preparation — all duties which the plaintiff believed were the responsibilities of the director.  When the school administration failed to become more efficient, the plaintiff submitted her resignation, effective at the end of the semester.  From these facts the board found that the plaintiff was not entitled to benefits because she left her work voluntarily without good cause.  See G. L. c. 151A, § 25 (e) (1).

Relying on *Sohler* v. *Director of the Div. of Employment Sec.*, 377 Mass. 785 (1979), the plaintiff claims that the working conditions were "intolerable" and that because the director and the secretary were not present after twelve noon, she was obliged to perform duties antithetical to her job description.  The short answer to her claims is that the board found that the director was "within the scope of his authority with regard to the time he spent at the school," and that he neither directed nor requested the plaintiff to assume responsibility for administrative or housekeeping tasks.

The plaintiff claims that the unsafe conditions subjected her to "possible liability in tort."  To support her claim she states that needed supplies such as bandaids and first aid materials were often missing, and that a dangerous play structure existed for several months before it was demolished.  She also claims that the director should have rewritten the health care policy, emphasizing that sick children should be kept at home.  The plaintiff's complaints largely stem from her "over-all disappointment with the manner in which the [facility] was run and, perhaps, with the

---

[1] Board of Regents of the University of Massachusetts.

[2] The board adopted the findings of the review examiner, and we therefore treat them as the findings of the board.

haphazard and less than adequate [administrative aid] being" performed by the director. "Such disappointment does not rise to the level of good cause." *Sohler v. Director of the Div. of Employment Sec.*, 377 Mass. 785, 789 (1979).[3]

*Judgment affirmed.*

*Linda S. Fidnick* for the plaintiff.

*George J. Mahanna*, Assistant Attorney General, for Director of the Division of Employment Security, submitted a brief.

---

[3] Although we find no error in the denial of benefits to the plaintiff, we do not want our decision to be read as approval of the over-all poor quality of a child care facility run by the University of Massachusetts.