JO-ANN E. FANION *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Worcester. January 9, 1984. — May 15, 1984.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Employment Security,* Voluntary unemployment, Good cause, Leave to
present additional evidence.

The record in a proceeding before a review examiner of the Division of
Employment Security did not support the employee's contention that,
due solely to a lack of representation by counsel in the agency proceeding,
she failed to present evidence to show that her employer had misled the
review examiner and that physical difficulties had led to her termination.
[850-852]

In a proceeding to determine whether a claimant was entitled to receive
unemployment benefits under G. L. c. 151A, substantial evidence, in-
cluding evidence that the employee had resigned her position because
she did not think that the salary she was receiving was commensurate
with the pressures inherent in her job, supported the determination of
the Director of the Division of Employment Security that the employee
had left her job voluntarily and without good cause attributable to the
employer. [852]

CIVIL ACTION commenced in the Central Worcester Division
of the District Court Department on January 4, 1982.

The case was heard by *Kelleher,* J.

*Andrew L. Mandell (Jane Inez Colbath* with him) for the
employee.

*Andrew C. J. Meagher* for Guaranty Bank & Trust Company.

ABRAMS, J. The claimant challenges the determination of
the Director of the Division of Employment Security (division)
disqualifying her from unemployment benefits because she

[1] Guaranty Bank & Trust Company.

voluntarily resigned without good cause attributable to the employing unit. See G. L. c. 151A, § 25 (e) (1). The board of review (board) of the division affirmed as did a District Court judge. Pursuant to G. L. c. 151A, § 42, the case was reported to this court. We affirm.

We summarize the facts. The claimant worked at Guaranty Bank & Trust Company (bank) from April 29, 1980, to September 11, 1981. She was hired as an encoder on the night shift and worked in that position until April, 1981, when her supervisor offered her a promotion to the position of reconciliator. The supervisor explained that she would have to undergo six months' training before the promotion took effect, after which she would receive a wage increase. The amount of the increase was not set forth.

During the fifth month of the training period, the claimant requested and received specific details of the wage increase that she could expect. She was disappointed with the size of the increase and sought to be reassigned to her old job as an encoder. The position was unavailable. She was offered the opportunity to seek another job at the bank, but none was available during the night shift. She resigned effective September 11, 1981.

The review examiner found that the claimant's resignation was "voluntary [and] without good cause attributable to the employer, within the meaning of Section 25(e)(1) of the [Massachusetts Employment Security] Law." After the board denied the claimant's application for review, see G. L. c. 151A, § 41, the claimant petitioned a District Court, arguing that the decision was erroneous because her resignation was the result of severe headaches and extreme nervousness. Prior to the District Court hearing, the claimant subpoenaed bank records pertaining to the number of encoding jobs vacated and filled between March and December, 1981. The bank moved to quash the subpoena. The motion was allowed.[2]

---

[2] The bank argues that the claimant's motion for leave to present additional evidence is barred by Mass. R. Civ. P. 6 (c), 365 Mass. 747 (1974), which mandates that written motions be served not later than seven days before the time specified for the hearing. The claimant concedes that the motion was

On the day of the court hearing, the claimant applied for leave to present additional evidence pursuant to G. L. c. 30A, § 14 (6), claiming that, because she was not represented by counsel at the agency hearing, she was too nervous to articulate her position and present her version of the facts to the review examiner. The claimant made an offer of proof that if allowed to present additional evidence, she would prove that the bank misled the review examiner by stating that no encoding positions were available when the claimant sought to return to that position. She. also would prove that there were "physical difficulties which led to her termination." The judge denied the claimant's application for leave to present additional evidence, affirmed the decision of the board and, pursuant to G. L. c. 151A, § 42, filed a report.

On appeal, the claimant argues that she should have been allowed to present additional evidence, see G. L. c. 30A, § 14 (6),[3] on whether her physical difficulties were causally related to the new job and whether there was an encoder position available at the time she resigned. The claimant's sole reason for failure to present this evidence in the proceeding before the agency is that she was not represented by counsel and therefore was unable to put the evidence in a form acceptable to the review examiner. The record does not bear out her claim. The record indicates that the claimant had ample opportunity

---

filed on the day of the hearing but explains that both the bank's motion to quash the subpoena and the bank's answer to the complaint had only been served three days previous to the hearing date. Therefore, the claimant argues that the seven-day rule should be waived. The bank, in its answer, asserted that the claimant had failed to serve it with a copy of the petition for judicial review within the time period required by G. L. c. 151A, § 42. On the view we take of the record, we need not reach these issues.

[3] General Laws c. 30A, § 14 (6), as appearing in St. 1973, c. 1114, § 3, reads in pertinent part as follows: "If application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material to the issues in the case, and that there was good reason for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon such conditions as the court deems proper."

to present evidence to the review examiner[4] and to question her supervisor,[5] the witness representing the employer.

At the hearing, the claimant never mentioned severe headaches, extreme nervousness, or any other medical problems caused by working as a reconciliator. Rather, she said that had the wage increase been as large as she had expected, she would have remained on the job. The claimant's first mention of "emotional and physical difficulties which rendered her unable to perform her assigned tasks without great physical pain" occurred in her petition for review before the District Court.[6] Further, at the agency hearing, the claimant made no effort to dispute her supervisor's testimony that there were no encoder positions available. The claimant's request amounts to no more than a request to retry her claim on a different theory and with counsel.[7] This she cannot do.

To the extent that the claimant asserts that the record is deficient because it does not reflect the reasons she left work, the record's shortcomings can be laid to her fault and neglect. The claimant has not shown that "there was good reason for

---

[4] At the end of the claimant's testimony, she was asked, "Is there anything else you want to tell me [the review examiner]?"

[5] Before the close of the claimant's cross-examination of her supervisor, the review examiner asked her whether she wanted to ask any additional questions, and then added, "All right. Now, do you want to answer the testimony that [the supervisor] gave? Anything you disagree with?" The claimant then was allowed to explain her differences with the supervisor.

[6] In her original rebuttal, the claimant did state, "I realized this job involved a lot of work; I found it very nerve wracking as it had to be done correctly and on time." But the gravamen of her rebuttal was, "I did not feel the money offered was as much as the job was worth . . . ."

In appealing to the board of review, the claimant stated that she was dissatisfied with the amount of the raises that were forthcoming after "I realized the duties were more involved than I knew of and felt they should be worth more." This reason was stated in the space below the instruction, printed in bold capital letters, "Note: It is important that you state specifically and in detail the reasons for your appeal."

[7] There is no requirement that a party be represented by counsel at the board's hearings, and there are no policy reasons to impose such a requirement. Contrast *Department of Pub. Welfare* v. *J.K.B.*, 379 Mass. 1, 4 (1979).

failure to present [the evidence] in the proceeding before the agency." G. L. c. 30A, § 14 (6). The judge correctly denied the motion for leave to present additional evidence.

The record also reflects that the claimant resigned because she did not think that the salary she was receiving as a reconciliator was commensurate with the pressures inherent in the job. "Such disappointment does not rise to the level of good cause." *Sohler* v. *Director of the Div. of Employment Sec.,* 377 Mass. 785, 789 (1979). Compare *Berk* v. *Director of the Div. of Employment Sec.,* 387 Mass. 1003 (1982). "The burden of proof as to all aspects of eligibility for unemployment benefits, including the burden of establishing good cause [for leaving work], rests with the worker." *Sohler* v. *Director of the Div. of Employment Sec., supra* at 788 n.1. We conclude that the board's decision that the claimant left her job voluntarily and without good cause attributable to the employer is supported by substantial evidence.

*Judgment affirmed.*