ALFRED E. RIONI, JR. *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Hampden.  March 9, 1984. — July 9, 1984.

Present: WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Employment Security,* Eligibility for benefits.

A review examiner of the Division of Employment Security was warranted
in finding, on conflicting evidence, that an aircraft pilot was discharged
from his employment for insubordination, in that he refused to follow
flight schedules after being warned by his employer that he must do so.
[437-439]

CIVIL ACTION commenced in the Western Hampden Division
of the District Court Department on December 1, 1982.

The case was heard by *Cooley, J.*

The case was submitted on briefs.

*Michael G. West* for the employee.

*Ralph L. Atkins* for A.F.M. Corporation.

LIACOS, J. Alfred E. Rioni, Jr., was discharged from his
job as a pilot for A.F.M. Corporation (A.F.M.) on June 4, 1982.
He filed a claim for unemployment compensation benefits pur-
suant to G. L. c. 151A, and his claim was allowed. A.F.M.
requested a hearing pursuant to G. L. c. 151A, § 39 (*b*).
Hearings were held on August 2, September 14, and September
29, 1982, by a review examiner of the Division of Employment
Security (division). Relying on G. L. c. 151A, § 25 (*e*) (2),[2]

---

[1] A.F.M. Corporation. Of the two appellees, only A.F.M. Corporation
has filed a brief in this court.

[2] General Laws c. 151A, § 25 (*e*) (2), as appearing in St. 1975, c. 684,
§ 78, provides: "No waiting period shall be allowed and no benefits shall
be paid to an individual under this chapter . . . (*e*) For the period of
unemployment next ensuing and until the individual has had at least four
weeks of work and in each of said weeks has earned an amount equivalent

the review examiner reversed the allowance of benefits. The division's board of review (board) denied Rioni's application for further review, thus making the review examiner's decision the final decision of the board. G. L. c. 151A, § 41 (c). A judge of the Western Hampden Division of the District Court affirmed the decision, and Rioni appealed to this court. G. L. c. 151A, § 42. We affirm.

We summarize the review examiner's findings of fact. Rioni had worked for A.F.M. as a pilot since March, 1980. By a letter dated March 9, 1982, A.F.M. warned him for failure to follow the flight schedule on January 14, February 9, and February 12, 1982. The letter stated that similar incidents would result in disciplinary action, including the possibility of discharge. On May 17, 1982, Rioni returned to Westfield, Massachusetts, from Danbury, Connecticut, instead of flying to Cortland, New York, and remaining there overnight as specifically instructed by the A.F.M. schedule. Before doing so, he called A.F.M. to recheck the schedule and was told that the schedule was correct and that he must follow it. On May 18 Rioni was sent a letter of suspension effective May 20. A letter of termination followed on June 4, stating that Rioni was being discharged for deliberately refusing to follow the flight schedule.

The review examiner found that "the claimant was discharged for insubordination by deliberately refusing to follow flight schedule. Inasmuch as he had previously been warned for failing to follow flight schedule and told that any further similar incident would result in discharge, his discharge was due solely to deliberate misconduct in wilful disregard of the employing unit's interest within the meaning of [G. L. c. 151A,] section 25(e)(2)."

At the hearings before the review examiner, Rioni did not deny the facts claimed by the employer, but offered explana-

to or in excess of his weekly benefit amount after he has left his work . . . (2) by discharge shown to the satisfaction of the director to be attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest . . . ." The amendment of § 25 (e) contained in St. 1982, c. 489, § 5, which took effect after the review examiner's decision in this case, did not alter this language.

tions for the incidents of January 14, February 9, February 12, and May 17, and contended that he had been discharged because of his participation in an A.F.M. pilots' union which had been formed in 1981, and because of his filing an affidavit in support of the plaintiffs in a civil action filed by the union against A.F.M. Rioni claims before us that the decision to deny him unemployment benefits was based on an error of law, was unsupported by substantial evidence, and was arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. His argument in his brief, however, is essentially that the decision of the board is unsupported by substantial evidence. He claims that the evidence which he presented established that his discharge was at least partially attributable to his involvement in the union. In effect, Rioni is not claiming that there was no substantial evidence on A.F.M.'s side, but rather that the evidence which he presented was stronger. The review examiner, however, was not required to believe Rioni's testimony as to the reason for his discharge. See *Moore* v. *Director of the Div. of Employment Sec.,* 390 Mass. 1004, 1005 (1983); *Johnson* v. *Director of the Div. of Employment Sec.,* 377 Mass. 229, 230 (1979). "[I]t is the agency which should weigh the evidence and find the facts." *Graves* v. *Director of the Div. of Employment Sec.,* 384 Mass. 766, 769 (1981). "A court may not displace an administrative board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo. *Universal Camera Corp.* v. *National Labor Relations Bd.,* 340 U.S. 474, 488 [1951]." *Labor Relations Comm'n* v. *University Hosp., Inc.,* 359 Mass. 516, 521 (1971).

Rioni argues that the evidence does not support the review examiner's findings with respect to Rioni's claim that his discharge was not solely attributable to his failure to follow the flight schedule. The burden of proof on this point rested with Rioni. *Smith* v. *Director of the Div. of Employment Sec.,* 384 Mass. 758, 761 (1981), and cases cited.

The review examiner stated: "[Rioni] believes he was discharged because he was active in forming a union that was

certified in 8-81, and on 3-25-82, a Federal Judge found the employing unit had violated the provisions of the Railway Labor Act by suspending and discharging pilots, although the claimant was not one of the pilots involved in the Civil Action. The employer vehemently denies that the claimant's union activities had anything to do with his discharge; that it was strictly a matter of insubordination." Implicit in the findings, including the finding that "the claimant was discharged for insubordination by deliberately refusing to follow flight schedule," is the resolution of the credibility issue in favor of the employer.

We cannot say that the subsidiary findings are inadequate. The finding that Rioni acted in wilful disregard of the employer's interest is supported by the facts found as to prior warnings and as to the incident in issue. *Reavey* v. *Director of the Div. of Employment Sec.,* 377 Mass. 913, 914 (1979).

*Judgment affirmed.*