FRANCISCO OLMEDA *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another. March 29, 1985. *Employment Security,* Voluntary unemployment.

Francisco Olmeda appeals from a District Court judge's affirmance of a denial of unemployment compensation benefits by the Division of Employment Security (division). The division denied the benefits on the ground that Olmeda left his work "voluntarily without good cause attributable to the employing unit." G. L. c. 151A, § 25 (*e*) (1). We affirm.

After notifying his employer, Atkins Farms, that he could not continue working, Olmeda filed a claim for unemployment compensation benefits. The division determined Olmeda to be disqualified from receiving benefits, and Olmeda appealed.

The division held a hearing, and the review examiner found the following facts. Olmeda began working for Atkins Farms as an apple picker on August 29, 1983. Before that date, Olmeda had been charged with driving while intoxicated, but he had not yet been tried. On September 26, 1983, Olmeda was convicted, and his driver's license was suspended for one year. Therefore, Olmeda "notified [Atkins Farms] he was unable to continue working, as he was unable to find a ride to work."

Based on those findings, the review examiner concluded that Olmeda "left his work when he was required to surrender his driver's license for a traffic violation over which he had control and could have avoided. Leaving under those

circumstances is [considered] voluntary without good casue attributable to the employing unit." The review examiner affirmed the denial of benefits. Olmeda appealed the review examiner's decision to the division's board of review (board), but the board denied Olmeda's application for further review, thereby making the review examiner's findings the board's final decision. G. L. c. 151A, § 41 (c).

Olmeda argues that the review examiner's finding that Olmeda left work when required to surrender his license is fatally inconsistent with the review examiner's conclusion that Olmeda left work "voluntarily." We disagree. The language of G. L. c. 151A, § 25, and our cases interpreting that language, demonstrate that the word "voluntarily," as used in § 25 (e) (1), is a term of art that must be read in light of the statutory purpose of "provid[ing] compensation for those who 'are thrown out of work through no fault of their own.'" *Moen* v. *Director of the Div. of Employment Sec.*, 324 Mass. 246, 250 (1949), quoting *Howes Bros.* v. *Unemployment Compensation Comm'n*, 296 Mass. 275, 282 (1936). Cf. *Garfield* v. *Director of the Div. of Employment Sec.*, 377 Mass. 94, 96-97 (1979). Thus, for example, in *Rivard* v. *Director of the Div. of Employment Sec.*, 387 Mass. 528, 528-529 (1982), we concluded that "a person who causes the statutory impediment that bars his employment leaves his employment 'voluntarily' within the meaning of § 25 (e) (1) when the employer realizes the impediment and terminates the employment." As *Rivard* demonstrates, in determining whether an employee left work "voluntarily" for purposes of § 25 (e) (1), the inquiry is not whether the employee would have preferred to work rather than become unemployed, see *id.* at 530, but whether the employee brought his unemployment on himself. Because Olmeda brought his unemployment on himself, he left work "voluntarily," and he is not entitled to unemployment benefits. Contrary to Olmeda's assertion, *Navarra* v. *Director of the Div. of Employment Sec.*, 382 Mass. 684 (1980), does not lead to a different conclusion.

*Judgment affirmed.*

*Suzanne Harris* for the employee.

*Willie Ivory Carpenter, Jr.*, Assistant Attorney General, for Director of the Division of Employment Security.