ROSAMOND WHITE *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Suffolk.  May 9, 1985. — August 8, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, & ABRAMS, JJ.

*Employment Security*, Procedure, Judicial review, Findings by review
examiner, Eligibility for benefits.

In the circumstances, any procedural error committed by an employee
in perfecting her appeal from a decision of the Division of Employment
Security denying her request for unemployment benefits was innocuous
and not jurisdictional, and consequently the employer was precluded
from raising the issue for the first time on appeal to this court. [638-639]
A review examiner of the Department of Employment Security was
warranted in finding, on conflicting evidence, that an employee's dis-
charge from her employment was attributable solely to deliberate miscon-
duct in wilful disregard of her employer's interest, in that although she
knew her employer required its employees to obtain permission before
leaving assigned duties, she did not request such permission from her
supervisor before leaving her employer's premises. [639-642]

CIVIL ACTION commenced in the Boston Municipal Court
Department on May 5, 1983.

The case was heard by *Barbara A. Dortch*, J.

*Monica Halas* for the employee.

*David J. Kerman* for New England Medical Center.

*Willie Ivory Carpenter, Jr.*, Assistant Attorney General, for
Director of the Division of Employment Security, was present
but did not argue.

LIACOS, J. The plaintiff, Rosamond White, appeals from a
judgment of the Municipal Court of the City of Boston which

---

[1] New England Medical Center (NEMC). The Director of the Division
of Employment Security, by motion, adopted the position of the plaintiff
with respect to jurisdiction and the position of NEMC with respect to the
merits of this dispute.

affirmed a determination by the board of review (board) of the Division of Employment Security (DES) denying White's request for unemployment benefits. New England Medical Center (NEMC) discharged White from her employment as a laboratory animal caretaker on November 29, 1982, effective November 18, 1982. White applied for, but was denied, unemployment benefits. After a hearing, a review examiner determined that, pursuant to G. L. c. 151A, § 25 (e) (2) (1984 ed.),[2] White was disqualified from receiving unemployment benefits. The board denied White's application for review, thereby making the decision of the review examiner the final decision of the board. G. L. c. 151A, § 41 (c) (1984 ed.). White then filed a complaint for judicial review in the Boston Municipal Court. G. L. c. 151A, § 42 (1984 ed.). In response, DES filed a motion to remand the case to the agency "in order to make subsidiary findings of fact on the issue of whether or not [White's] discharge 'was due solely to deliberate misconduct in wilful disregard of the employing unit's interest.' " A Municipal Court judge granted that motion. After a hearing on remand, the board again affirmed the decision denying unemployment benefits. White then notified the court clerk in writing that she wished to reactivate her appeal. After a hearing, another Municipal Court judge affirmed the board's decision.

On appeal, NEMC contends that the judge did not retain jurisdiction of this dispute after granting the motion to remand. Furthermore, NEMC contends, White's letter seeking to reactivate her appeal did not comply with G. L. c. 151A, § 42.[3]

---

[2] General Laws c. 151A, § 25 (e) (2), provides, in part, that "no benefits shall be paid to an individual under this chapter [when the employee's termination comes about] (2) by discharge shown to the satisfaction of the director to be attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest."

[3] In pertinent part G. L. c. 151A, § 42, provides: "The director or any interested person aggrieved by any decision in any proceeding before the board of review may obtain judicial review of such decision by filing, within thirty days of the date of mailing of such decision, a petition for review thereof . . . . The petition for review need not be verified but shall state the grounds upon which such review is sought."

NEMC argues that, as a result, the court lacked jurisdiction of the dispute. In rebuttal, White and the director argue that the court did have jurisdiction of her appeal. Alternatively, they argue that any procedural error in perfecting her appeal was not jurisdictional in nature and should not lead to the dismissal of the appeal. The director and NEMC also argue that the decision to deny White unemployment benefits was supported by substantial evidence. White disagrees. She also contends that the decision was based on an error of law where the board equated "a technical violation of a work rule with grounds for disqualification and where evidence of mitigating factors relevant to Mrs. White's state of mind was ignored." For the reasons set forth below, we conclude that the court properly entertained jurisdiction of this dispute and that the board's decision to deny White unemployment benefits was supported by substantial evidence.

We summarize the facts found by the board. White worked for NEMC from April 29, 1977, to November 18, 1982, most recently as a laboratory animal caretaker. NEMC requires employees to obtain permission before leaving assigned duties. Employees who violate this policy are subject to discharge. On July 12, 1982, White signed a statement which indicated that she had received and understood NEMC's code of employee conduct and the procedure for discipline describing the discharge policy.

On November 18, 1982, at about 1:10 P.M., White telephoned her supervisor's office and inquired whether he was in his office. The record indicates he was, but the board found that she did not ask to speak with him. At about 1:25 P.M. White's supervisor observed White leaving NEMC's premises in her car. The supervisor waited until 3:30 P.M. for White to return, but she did not. The supervisor also searched for White at her worksite without success. At the initial hearing regarding her unemployment claim, White asserted that she had worked through her lunch period before leaving work. She then left to shop for a dress to wear to a funeral of a family

member. White's shopping lasted until 3 P.M.; she did not feel obliged to return to work for the remaining half hour. When White failed to return to work, her supervisor prepared written documentation of her absence.

On November 19, 1982, NEMC notified White that she was suspended and NEMC would review the situation to determine what action would be taken regarding her absence from duty on the previous day. In conjunction with the suspension, NEMC allowed White to take a three-day bereavement leave from November 22, 1982, through November 24, 1982. NEMC considered it a serious deviation from its policy for White to leave duty without prior permission from an authorized management person. Upon White's return to work, NEMC discharged her effective November 18, 1982.

1. *Jurisdiction.* In granting DES's motion to remand, the judge did not explicitly retain jurisdiction of this dispute. After the board's decision on remand, White, rather than file a fresh complaint, requested in writing that the clerk "inform [her] as to the manner in which [she could] proceed with this case before this Court." The clerk informed White to "[n]otify the parties . . . that the Director must file the transcript so a Court hearing may be commenced." White complied with these instructions. The method used to appeal the board's decision put NEMC and DES on notice. The nature of the claim was evident from the earlier complaint and did not change after the remand.

Although we have recognized that certain procedural requirements are jurisdictional, *Schulte* v. *Director of the Div. of Employment Sec.*, 369 Mass. 74, 79 (1975), "recent decisions ameliorate the harshness of a jurisdictional view of such statutes and rules." *Crane* v. *Commissioner of Pub. Welfare, ante* 435 (1985), and cases cited. "Sloppiness in following a prescribed procedure for appeal is not encouraged or condoned, but at the same time a distinction is taken between serious missteps and relatively innocuous ones." *Schulte, supra.* We conclude that any procedural error committed in perfecting this appeal was innocuous and not jurisdictional. Having failed to raise this nonjurisdictional procedural error below, NEMC

cannot now raise this error on appeal. *Albert* v. *Municipal Court of the City of Boston*, 388 Mass. 491, 493-494 (1983).[4]

2. *Merits*. The substance of White's arguments is that the board's decision is not supported by substantial evidence.[5] White contends that the evidence does not support a finding that her conduct "constitute[d] deliberate misconduct in wilful disregard of [NEMC's] interest." White draws support for her argument from her testimony elicited at the hearings. White's testimony indicates that, sometime before she reported to work

---

[4] We note also that G. L. c. 151A, § 42, states that a proceeding for review of a board's decision "shall be governed by the Rules of Civil Procedure for the district courts and the municipal court of the city of Boston." These rules were not designed to provide a procedure for the remand of an administrative decision where additional evidence and findings are necessary. This procedural gap, however, is filled by G. L. c. 30A, § 14 (1984 ed.), which provides that "[i]nsofar as the statutory form of judicial review or appeal [of an agency decision in an adjudicatory proceeding] is silent as to procedures provided in this section, the provisions of this section shall govern such procedures."

Where G. L. c. 151A, § 42, "the statutory form of judicial review" in this instance, is silent as to the procedure for a remand of an agency's decision for additional evidence and findings, it is appropriate to examine G. L. c. 30A, § 14, to determine whether it provides a procedure for such a remand. General Laws c. 30A, § 14 (6), provides a specific procedure for remanding an agency's decision for additional evidence and findings. The procedure for remand delineated in G. L. c. 30A, § 14 (6), apparently contemplates the retention of jurisdiction in these circumstances. In view of the minor procedural error involved in this case, we need not determine whether a court would retain jurisdiction apart from the circumstances of this case.

[5] White also poses the argument that as a matter of law the director may not equate "a technical violation of a work rule with grounds for disqualification . . . where evidence of mitigating factors relevant to Mrs. White's state of mind was ignored." To support this argument, White argues that the liberal construction accorded this remedial statute requires reversal of the board's decision. In our view, these arguments do not raise an independent question of law. Rather, they merely present an alternative method of disputing whether substantial evidence to support the board's decision is evident in the record. Cognizant of the liberal construction afforded this statute, *O'Reilly* v. *Director of the Div. of Employment Sec.*, 377 Mass. 840, 846 (1979), this court has developed the standard to be applied in these situations. *Garfield* v. *Director of the Div. of Employment Sec.*, 377 Mass. 94, 96-97 (1979). This standard sufficiently requires that the board consider a claimant's state of mind as well as any mitigating factors. *Id.* at 97.

on the morning of the incident, her brother-in-law died. White asserted that she arrived at work distraught and exhausted. She testified that, during the morning, she called her supervisor's office and spoke to the assistant director. According to her testimony, she informed him that she would need time off for the funeral and that she also would like to leave early that day. White's contention is that she left work with the impression that she did have proper permission to leave.

A decision to deny benefits "is unacceptable if it does not contain sufficient subsidiary findings to demonstrate that correct legal principles were applied." *Lycurgus* v. *Director of the Div. of Employmnent Sec.*, 391 Mass. 623, 626-627 (1984). In reviewing such a decision, we must determine whether the board's decision is supported by substantial evidence. *Abramowitz* v. *Director of the Div. of Employment Sec.*, 390 Mass 168, 172 (1983). "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion,' taking 'into account whatever in the record detracts from its weight.'" *Lycurgus* v. *Director of the Div. of Employment Sec., supra* at 627-628. In the face of conflicting testimony, DES's assessment of the credibility of the witnesses and its findings of fact should not be displaced. *Rioni* v. *Director of the Div. of Employment Sec.*, 392 Mass. 436, 438 (1984). "[T]he critical issue in determining whether disqualification is warranted is the claimant's state of mind in performing the acts that cause the discharge. . . . [T]he board must therefore take into account the worker's knowledge of the employer's expectation, the reasonableness of that expectation and the presence of any mitigating factors."(Citations omitted.) *Garfield* v. *Director of the Div. of Employment Sec.*, 377 Mass. 94, 97 (1979). In this instance, White bears the burden of persuasion "as to all aspects of eligibility for unemployment benefits." *Sohler* v. *Director of the Div. of Employment Sec.*, 377 Mass. 785, 788 n.1 (1979).

The board's decision contains the findings necessary to support a determination that White was disqualified from receiving benefits pursuant to G. L. c. 151A, § 25 (*e*)

(2).[6] The findings of the review examiner, summarized by the board, indicate that the board was aware of and considered the mitigating factors that may have influenced White's conduct. Although we would prefer specific findings regarding the effect of mitigating circumstances, we conclude that the board sufficiently considered the mitigating factors in this case. White's testimony that she sought and received permission from the assistant director to leave early was contradicted at both hearings by him. Furthermore, White spoke with her supervisor twice during the day and did not mention that she wanted to leave early.[7] The evidence indicated that White was aware that she had to have permission from her supervisor in order to leave early. NEMC had a reasonable expectation that its employees would not leave work without permission. White had been made aware of that expectation. We view this case as one where the board was faced with two fairly conflicting views. "A court may not displace an administrative board's

---

[6] "After full review and consideration of the testimony and evidence presented at the hearings held on February 2, 1983, and October 18, 1983, the Board finds that the claimant was aware that if she wanted time off for any reason she must request that time off from her supervisor, personally; and that failure to comply with this procedure could cause her employment to be terminated. The Board further finds that on the claimant's last day of work she knowingly left work early without requesting permission from her supervisor to do so; that she had ample opportunity to request such permission; that by her actions, failing to follow procedure, of which she was aware, she showed an intentional substantial disregard of the employer's interest; that her discharge from employment was attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest; and that she, therefore, is subject to disqualification under the provisions of Section 25 (e) (2) of the Law, cited above."

[7] The board noted that this information and the fact that White had been told that she only could receive permission for time off personally from her supervisor was pertinent to its review of the case. We agree with White that the board could not make additional findings of fact without conducting a proper hearing pursuant to G. L. c. 151A, § 41 (e) (1984 ed.). See Director of the Div. of Employment Sec. v. Fingerman, 378 Mass. 461, 463 (1979). We do not agree, however, that the information that the board found "pertinent" was an additional finding of fact. Rather, we view the board's action as reviewing the record to determine "whether the director's decision was founded on the evidence in the record and was free from any error of law affecting substantial rights." G. L. c. 151A, § 41 (b) (1984 ed.).

choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Rioni* v. *Director of the Div. of Employment Sec., supra* at 438, quoting *Labor Relations Comm'n* v. *University Hosp., Inc.*, 359 Mass. 516, 521 (1971).

The finding that White acted in wilful disregard of NEMC's interest is supported by the findings that White knew permission was required in order to leave work early and that White did not request such permission. The finding of the board that White was subjected to disqualification under G. L. c. 151A, § 25 (*e*) (2), was supported by substantial evidence. We, therefore, affirm the judgment below.

*So ordered.*