JACQUELINE A. FERGIONE vs. DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1]

Middlesex.   October 7, 1985. — December 4, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Employment Security*, Findings, Judicial review, Voluntary unemployment.

If a judge reviewing a decision of the board of review of the Division of Employment Security believes that the board applied an improper legal standard, and if it is not apparent what the board's decision must be or would have been if the proper legal standard had been applied, he must remand the matter to the board and may not make the necessary findings himself. [283]

Although the board of review of the Division of Employment Security, in denying benefits to a teacher who had resigned as a result of dissension between her and her immediate supervisors, failed to consider whether the claimant reasonably believed that she was compelled to resign, the decision of the board was upheld without remand for findings on this issue, where there was no evidence before the board that the claimant had resigned because of certain physical problems caused by work-induced stress, and where implicit in the board's decision was the conclusion that any belief of the claimant that she was being harassed by her supervisors was not a reasonable one. [284-286]

CIVIL ACTION commenced in the Framingham Division of the District Court Department on September 19, 1983.

The case was heard by *Anthony N. Tomasiello,* J.

*Joanne E. Barker (Henry G. Stewart* with her) for the employer.

*Steven M. Wise* for the employee.

WILKINS, J. The claimant Fergione, a former employee of the defendant school district (Minuteman), was denied unem-

---

[1] Minuteman Regional Vocational Technical School District.

ployment compensation benefits by a decision of the board of review of the Division of Employment Security (board). She petitioned for judicial review. In his memorandum of decision a judge of the District Court made findings of fact, set aside the board's decision, and directed that Fergione receive unemployment compensation benefits. We order that judgment be entered affirming the decision of the board of review.

We summarize the facts found by the hearing officer. Fergione began work as a health instructor for Minuteman on March 7, 1979. Fergione believed that, commencing in early 1981, she had become the subject of unreasonable criticism by her supervisor and her department head. On July 29, 1981, the problem was considered at an informal meeting attended by her supervisor, her department head, the superintendent of Minuteman, Fergione, and union representatives. From a statement made by her supervisor at that time, Fergione concluded that this supervisor no longer wanted Fergione to work for her. It was agreed that the superintendent would prepare a plan for dealing with the problem during the coming year. He drew up such a program which set forth expectations of both Fergione and her supervisor and was designed to promote better understanding between them. Shortly after she received the superintendent's plan, Fergione wrote him a letter stating that she could not return to Minuteman in the present circumstances. She declared that she would return only if her supervisor requested in writing that Fergione return to work and if she received written apologies from both her supervisor and her department head. "If the above will not be forthcoming, then you may consider this to be my letter of resignation." The superintendent accepted the resignation.

We need not recite in detail all the procedural background of the case. The factual dispute centered on whether Fergione should be denied benefits under G. L. c. 151A, § 25 (e) (1984 ed.), because she left her work "voluntarily without good cause attributable" to Minuteman. A separation would not be voluntary under § 25 (e) if an employee's reasons for leaving were of "an urgent, compelling and necessitous nature." The agency

has consistently denied the claimant benefits. On April 25, 1983, the District Court judge set aside an earlier decision of the board of review and remanded the matter "for further hearing on the question of whether [Fergione] voluntarily quit her job with [Minuteman] because of urgent, compelling and necessitous reasons." The board of review issued a further decision on the original record in which it found that "inasmuch as the claimant has established she was not compelled to leave work, her leaving of work cannot be considered to be involuntary; and that she, therefore, does not meet the exemption requirements of Section 25 *(e)* (1) of [G. L. c. 151A]." The board found that Minuteman acted reasonably at all times and that Fergione submitted her resignation "without giving the [superintendent's] plan an opportunity to prove itself."

On Fergione's petition for review of that decision, the trial judge engaged in extensive fact-finding. He concluded that the evidence warranted a finding that Fergione left her job for what she believed were urgent, compelling, and necessitous reasons. He further concluded that the board failed to consider in its decision (a) Fergione's reasonable beliefs that led her to resign and (b) whether she believed that her reasons for resigning were urgent, compelling, and necessitous.

1. The judge exceeded his proper role by engaging in fact-finding. It is the function of the agency, and not a judge, to make findings of fact in employment security cases. *Conlon* v. *Director of the Div. of Employment Sec.,* 382 Mass. 19, 24 (1980). *Keough* v. *Director of the Div. of Employment Sec.,* 370 Mass. 1, 3 (1976) ("[I]t is not open to a District Court judge or to this court to substitute other views as to what should be the determination of the facts"). See *Raytheon Co.* v. *Director of the Div. of Employment Sec.,* 364 Mass. 593, 595-596 (1974). If a judge believes that the board of review applied an improper legal standard and if it is not apparent what the board's decision must be or would have been if the proper legal standard had been applied, the only proper course is to remand the matter to the board. See *Jones* v. *Director of the Div. of Employment Sec.,* 392 Mass. 148, 150-151 (1984).

2. We turn then to a consideration of the record to determine what judicial action is required, applying the appropriate standard of judicial review. We agree with the judge that the board's decision does not state the correct standard as to what it should consider in deciding whether a person left employment voluntarily or involuntarily. For reasons we shall explain, however, on this record that error did not prejudice Fergione.

The board reasoned that, "in order to determine if an individual left her work involuntarily, it must be shown that the individual had no choice to do otherwise, and that her reasons for leaving were urgent, compelling and necessitous in nature." This statement disregards our cases which recognize that unemployment compensation benefits should not be denied to one who leaves her employment for what she reasonably believes are compelling reasons, even if it is not shown (or even true) that those reasons are correct. We have thus recognized that such benefits should be awarded to a person who resigned from her job because, on an objective standard, she reasonably believed she was about to be fired. See *Malone-Campagna* v. *Director of the Div. of Employment Sec.,* 391 Mass. 399, 401-402 (1984); *White* v. *Director of the Div. of Employment Sec.,* 382 Mass. 596, 598-599 (1981). Similarly, a person who terminates employment reasonably believing that work-related health concerns so require would be entitled to unemployment compensation. See *Carney Hosp.* v. *Director of the Div. of Employment Sec.,* 382 Mass. 691 (1981) (a reasonable belief that a skin infection was caused by the work environment would warrant allowing benefits to a person who resigned); *Director of the Div. of Employment Sec.* v. *Fitzgerald,* 382 Mass. 159, 161-162 (1980) (pregnant woman's reasonable decision to abandon her job was not a voluntary quit under § 25 [*e*] [1]). We must consequently consider the question whether the board's failure to mention the reasonable belief standard requires that we remand this matter for explicit consideration of the point.

Fergione argues that she suffered "a plethora of physical ailments" as a result of both criticisms of her work and what

she believed were false accusations.[2] A statement from her physician supported the claim that her physical ailments were connected to the stress of her work. The board made no finding as to whether Fergione reasonably believed that she was compelled to terminate her employment because of physical ailments caused by work-related stress, nor did the board rule as to whether a resignation for that reason would, in the circumstances, be of "an urgent, compelling and necessitous nature." G. L. c. 151A, § 25 *(e)*. The absense of agency findings on these points might require that we return the case to the board for further action.[3] If, however, as here, the board has failed to make a finding of fact or ruling on a particular point which cannot be important to the decision, the board's omission makes no difference. See *Klockson* v. *Director of the Div. of Employment Sec.,* 385 Mass. 1007, 1008 (1982); *Sohler* v. *Director of the Div. of Employment Sec.,* 377 Mass. 785, 788 (1979).

There is no substantial evidence that Fergione resigned from her job because of physical problems caused by work-induced stress. There is evidence that she submitted her resignation because of her belief that she was being harassed and because her supervisors did not apoligize to her and her immediate supervisor did not state that she wanted Fergione to return to work. The board was not obliged to consider her medical problems as a reason for her resignation, because there was no substantial evidence that Fergione left work due to physical

---

[2] Fergione did not directly argue before the hearing officer that she resigned from her job because of work-related physical problems. Assertions of fact made before the board of review come too late when, as here, the board took no evidence. The board of review's function in the circumstances was to determine whether the decision was correct on the record before the hearing officer. *Director of the Div. Employment Sec.* v. *Fingerman,* 378 Mass. 461, 462-463 (1979).

[3] Where no finding is made on a critical factual issue, the matter ordinarily must be remanded for agency fact-finding even though the board's decision is supported by substantial evidence. See *Guarino* v. *Director of the Div. of Employment Sec.,* 393 Mass. 89, 94 (1984); *Malone-Campagna* v. *Director of the Div. of Employment Sec.,* 391 Mass. 399, 402 (1984); *Sohler* v. *Director of the Div. of Employment Sec.,* 377 Mass. 785, 788 (1979).

ailments which she reasonably believed were so urgent, compelling, and necessitous as to require that resignation.

Fergione argues further that she left her employment because she was harassed by her immediate supervisors and that, therefore, her resignation was not voluntary and was for reasons of "an urgent, compelling and necessitous nature." We accept her argument that there was substantial evidence to support a finding that she believed her two immediate supervisors had unjustly criticized her job performance. There is, however, no basis by which the board could have found, applying the substantial evidence test, that Fergione reasonably believed that she was being harassed, once we recognize, as we must, that the board was warranted in finding that "the employing unit acted reasonably at all times." It is true that an employer could be acting reasonably in its treatment of an employee and, at the same time, the employee might reasonably believe that she was being harassed. Here the board found, admittedly on hotly disputed facts, both that the claimant herself established she was not compelled to leave work and that her leaving could not be considered to be involuntary. The implication of the board's conclusions is that any belief of Fergione that she was being harassed was not a reasonable one. We need not remand the matter to the board for an explicit finding on the point because, considering the board's other findings of fact, no such finding would be warranted on this record.

The judgment of the District Court is reversed. A judgment shall be entered affirming the decision of the board of review.

*So ordered.*