JUDITH LEONE *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another[1].

Hampden. February 5, 1986. — June 12, 1986.

Present: LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Employment Security*, Eligibility for benefits, Voluntary unemployment,
Judicial review.

Findings of a review examiner in the Division of Employment Security that
a claimant had left work because of a warning issued to her by her
employer about her inability to work compatibly with her supervisor,
that there had been no element of discrimination in her employer's prior
decision to select two other employees for promotion, or in its decision
to issue the warning, that the employer's action in issuing the warning
was not unreasonable, and that the claimant thus had left work voluntarily
without good cause attributable to the employer were supported by sub-
stantial evidence, justifying a decision by the division that the claimant
was disqualified from receiving unemployment compensation benefits.
[731-733]

CIVIL ACTION commenced in the Springfield Division of the
District Court Department on May 30, 1984.

The case was heard by *Bernard Lenhoff,* J.

*Thomas J. Oppenheimer* for the claimant.

*Elaine M. Reall* for the employer.

*Alan Leslie Rosenfield,* Assistant Attorney General, for Di-
rector of the Division of Employment Security.

LIACOS, J. The claimant left her employment at the
Springfield Institution for Savings (employer) in October,
1983. She applied for unemployment compensation benefits,
and the Director of the Division of Employment Security ini-
tially determined that she was eligible. The employer requested
a hearing before a review examiner, in accordance with G. L.

---

[1] Springfield Institution for Savings.

c. 151A, § 39 (1984 ed.). After hearings, the review examiner decided that the claimant was not eligible for benefits, finding that the claimant left her employment "voluntarily, without good cause attributable to the employer within the meaning of [G. L. c. 151A, §] 25 (e) (1)."[2] The board of review (board) denied the claimant's application for review, thus adopting the review examiner's decision as the final decision of the board. G. L. c. 151A, § 41 (*c*) (1984 ed.). The claimant then appealed to the Springfield District Court. A judge of that court affirmed the board's decision without opinion. The case is here pursuant to G. L. c. 151A, § 42 (1984 ed.). We affirm.

The review examiner found as follows. The claimant began working for the employer in September, 1967, eventually becoming a manager of one of its branch offices. In 1983 the claimant, who was forty-seven years old at the time, was considered for promotion to either of two newly created district manager positions. She was passed over for promotion, however, in favor of two younger branch managers who, the claimant contends, were less qualified for advancement than she. The claimant was selected to work as a branch manager and backup district manager under one of the two recently promoted district managers.

Soon after her transfer, the claimant became aware of certain incidents which, in her view, involved improper or illegal conduct on the part of her district manager.[3] A period of some

---

[2] General Laws c. 151A, § 25 (1984 ed.), states in relevant part: "No waiting period shall be allowed and no benefits shall be paid to an individual under this chapter . . . (*e*) For the period of unemployment next ensuing and until the individual has had at least four weeks of work and in each of said weeks has earned an amount equivalent to or in excess of his weekly benefit amount after he has left his work (1) voluntarily without good cause attributable to the employing unit or its agent . . . . An individual shall not be disqualified from receiving benefits under the provisions of this subsection, if such individual establishes to the satisfaction of the director that his reasons for leaving were for such an urgent, compelling and necessitous nature as to make his separation involuntary."

[3] The first incident involved the district manager's withdrawal of $10 in cash from the bank in exchange for her personal check in that amount. The district manager told the responsible teller to hold the check without processing until she could replace the cash. The claimant considered this practice highly irregular. The second incident involved the district manager's with-

weeks after the first incident came to her attention, the claimant reported these alleged improprieties to James W. Broderick, Jr., a bank vice president. Broderick listened to the claimant's concerns and took appropriate action with regard to the two incidents, after discussing them with other members of the bank's management. In addition, because he had heard that the claimant and her supervisor, the district manager, were not getting along well, he arranged to meet with them to resolve their differences. The meeting convened on October 4, 1983, and quickly deteriorated into bickering between the claimant and her supervisor about a variety of work-related matters, with the claimant accusing her district manager of lying. Broderick reminded the claimant that it was necessary that she get along well with her supervisor. He suggested that the claimant accept a transfer to the main office so as to be no longer under that district manager's supervision. The claimant agreed and began work as branch manager at the main office on October 7, 1983.

Broderick discussed the matter with Frank Lovelock, the personnel director. Lovelock had formed the opinion that relations between the claimant and her supervisor were poor. He and Broderick agreed that Broderick would issue a warning to the claimant about her inability to work compatibly with her supervisor. Broderick did so on October 19, 1983.

The claimant was greatly distressed by receipt of the warning. She questioned Broderick as to what effect it might have on her career. Later that day, she tendered her resignation to her immediate supervisor, an assistant vice president of the bank. The assistant vice president urged her to reconsider, but she refused. The assistant vice president then said he would hold the resignation overnight in case the claimant reconsidered. She telephoned the next day to state that she was not returning to work.

The review examiner concluded that the claimant left work because of the warning, and that there was no element of discrimination in the employer's decision to select two others

drawal of the proceeds of a savings certificate on which she and a recently deceased bank customer were named jointly as payees.

for promotion or in the decision to issue a warning to the claimant. He also concluded that the employer's action in issuing the warning was not unreasonable. Accordingly, he found that the claimant had left work voluntarily without good cause attributable to the employer.

The claimant's principal argument on appeal is twofold. First, she asserts that an unreasonable disciplinary action by an employer constitutes good cause under G. L. c. 151A, § 25 (*e*) (1), for voluntary termination of employment. Second, the claimant attacks the subsidiary finding of the review examiner that the action of the employer in issuing the warning letter to the claimant was not unreasonable; the claimant insists that this finding is not supported by substantial evidence.

Conceding the general validity of the claimant's first legal argument, see *Kowalski* v. *Director of the Div. of Employment Sec.*, 391 Mass. 1005, 1006 (1984) (intentional harassment by supervisor may constitute good cause), we conclude that there was ample evidence in this case to support the review examiner's finding that the employer did not act unreasonably in chastizing the claimant. This was a factual determination on which the review examiner brought to bear his "experience, technical competence, and specialized knowledge," and this court must accord due consideration to that expertise. *Raytheon Co.* v. *Director of the Div. of Employment Sec.*, 364 Mass. 593, 595 (1974). " [T]he board is the sole judge of credibility and the weight of evidence, and where its findings are supported by evidence, it is not open to a District Court judge or to this court to substitute other views as to what should be the determination of the facts." *Keough* v. *Director of the Div. of Employment Sec.*, 370 Mass. 1, 3 (1976).

Testimony before the review examiner supports the view that the claimant was upset that the district manager had been promoted in her stead, resulting in an acrimonious relationship between the two. It appeared to the employer that the claimant was attempting to undermine her district manager's authority. The employer responded by transferring the claimant to another branch office and by issuing a warning to her as a reprimand.

The review examiner's determination that the employer had acted reasonably in doing so must be sustained.[4]

The claimant argues, also, that her testimony, if believed, indicates that she left work not only because of the warning, but because the employer had engaged in age discrimination and had covered up, or countenanced, the illegal or improper activities of the district manager. The claimant asserts that the review examiner erred in failing to make findings as to these claims.

There is sufficient evidentiary support for the review examiner's conclusion that the claimant left work because she was disquieted by receipt of the warning and was concerned with its implications on her future advancement. The review examiner was not required to believe the claimant's conclusory statements at the hearing that she also left work because of age discrimination and because the employer had condoned illegal practices. See *White* v. *Director of the Div. of Employment Sec.*, 395 Mass. 635, 640 (1985); *Zirelli* v. *Director of the Div. of Employment Sec.*, 394 Mass. 229, 232 (1985). These assertions appeared to be nothing more than post hoc rationalizations for her resignation. *Id.* Furthermore, inasmuch as substantial evidence was lacking that the claimant in fact

---

[4] In *Fergione* v. *Director of the Div. of Employment Sec.*, 396 Mass. 281, 284 (1985), a case in which the claimant left her employment alleging that she was being harassed by her supervisors, we stated that "unemployment compensation benefits should not be denied to one who leaves her employment for what she reasonably believes are compelling reasons, even if it is not shown (or even true) that those reasons are correct." We suggested, as well, that ordinarily the agency must make findings as to the reasonableness of a claimant's belief that she left her employment for a compelling reason. In the instant case, no such finding was made; however, this omission does not necessitate a remand for further findings. Our language in *Fergione* is instructive. We stated there that there is "no basis by which the board could have found, applying the substantial evidence test, that Fergione reasonably believed that she was being harassed, once we recognize, as we must, that the board was warranted in finding that 'the employing unit acted reasonably at all times.' . . . The implication of the board's conclusions is that any belief of Fergione that she was being harassed was not a reasonable one. We need not remand the matter to the board for an explicit finding on the point because, considering the board's other findings of fact, no such finding would be warranted on this record." *Id.* at 286.

had left her employment for either of these asserted reasons, it was not incumbent on the review examiner to make specific findings regarding the reasonableness of the claimant's belief that these reasons provided compelling justification for the voluntary termination of her employment. See *Fergione* v. *Director of the Div. of Employment Sec.*, 396 Mass. 281, 285-286 (1985).[5] The burden of establishing eligibility for unemployment compensation is on the claimant. *Smith* v. *Director of the Div. of Employment Sec.*, 384 Mass. 758, 761 (1981).

The purpose of unemployment compensation is to provide compensation for those who are thrown out of work through no fault of their own. *Olmeda* v. *Director of the Div. of Employment Sec.*, 394 Mass. 1002, 1003 (1985). Where the employee has brought unemployment on herself ·without good cause, there is no entitlement to unemployment benefits. We affirm the judgment of the District Court, affirming the decision of the board of review.

*So ordered.*

---

[5] The review examiner specifically found that discrimination played no part in the promotion of another in place of the claimant, nor in the employer's decision to issue a warning to the claimant. The review examiner also found that the employer had not condoned improper activities but had taken appropriate action in response to the claimant's allegations.