JENNIFER J. LeBLANC *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another. December 17, 1986. *Employment Security,* Voluntary unemployment.

The review examiner found that the claimant was so dissatisfied with a salary increase from her employer, the Beverly Savings Bank, that she first accepted

and then returned two paychecks which reflected the increase. When a vice president of the employer told her that she had to be paid for her services and that if she would not accept the salary in the amount offered, she would have to leave, she left.

The review examiner ruled that her discharge was a voluntary leaving "without good cause attributable to the employing unit." G. L. c. 151A, § 25 (e)(1) (1984 ed.). The claimant's application for review was denied (G. L. c. 151A, § 40 [1984 ed.]), rendering the review examiner's decision the decision of the board of review. G. L. c. 151A, § 41 (1984 ed.). The claimant appealed to a District Court which affirmed the decision of the board of review. G. L. c. 151A, § 42 (1984 ed.). She then appealed to this court. We affirm.

The statute [§ 25 (e)(1)] "establishes two distinct prerequisites to temporary disqualification from unemployment benefits. The departure from work must be both (1) voluntary *and* (2) without good cause attributable to the employing unit or its agent." *Raytheon Co.* v. *Director of the Div. of Employment Sec.*, 364 Mass. 593, 596 (1974). The claimant has failed to carry her burden on these issues. *Cantres* v. *Director of the Div. of Employment Sec.*, 396 Mass. 226, 231 (1985).

As to involuntariness, she has failed to meet a test which has had our approval for many years by demonstrating that she was "thrown out of work through no fault of [her] own." *Howes Bros.* v. *Unemployment Compensation Comm'n*, 296 Mass. 275, 282, cert. denied, 300 U.S. 657 (1936), quoted with approval in *Olmeda* v. *Director of the Div. of Employment Sec.*, 394 Mass. 1002, 1003 (1985).

The claimant also failed to carry her burden of proving that her departure was founded on good cause attributable to her employer. She left because she was disappointed in the size of her salary increase. We have decided that such disappointment does not constitute good cause attributable to the employer. See *Fanion* v. *Director of the Div. of Employment Sec.*, 391 Mass. 848, 852 (1984).

*Judgment affirmed.*

The case was submitted on briefs.

*Francis X. Bellotti*, Attorney General, *Wendy Thaxter*, Assistant Attorney General, *& Rita K. McNally*, Legal Assistant, for Director of the Division of Employment Security.

*Sumner H. Smith* for the employee.